[No. D060281. Fourth Dist., Div. One. Oct. 3, 2012.]

In re the Marriage of CHRISTINE B. and KEVIN D. FREITAS.
CHRISTINE B. FREITAS, Respondent, v.
KEVIN D. FREITAS, Appellant.

**COUNSEL**

Law Office of Marc E. Angelucci, Marc Etienne Angelucci; Men's Legal Center and Craig Candelore for Appellant.

Schmitt Family Law and Melissa J. Schmitt for Respondent.

**OPINION**

**AARON, J.—**

## I.

## INTRODUCTION

Kevin D. Freitas (Kevin) appeals from several pendente lite orders of the trial court in a marital dissolution action brought by his wife, Christine B. Freitas (Christine). In April 2010, Christine filed a petition to dissolve the marriage. At an October 2010 hearing, the trial court entered a temporary spousal support award in favor of Kevin, and a temporary child support award in favor of Christine. At that same hearing, the court ruled that it would reserve jurisdiction over whether to amend the support awards, and that Kevin could submit additional evidence pertaining to Christine's income

for the period of September and October 2010. In June 2011, the trial court determined that in light of this court's January 2011 opinion in *In re Marriage of Gruen* (2011) 191 Cal.App.4th 627 [120 Cal.Rptr.3d 184] (*Gruen*), it lacked jurisdiction to amend the support awards for the months of September and October 2010. In *Gruen*, this court concluded that a trial court lacked jurisdiction to retroactively modify a pendente lite support order to any date earlier than the date on which a proper pleading seeking modification of such order is filed. (*Id.* at p. 631.) Also in June 2011, the trial court terminated the temporary spousal support award, effective July 1, 2011, pursuant to Family Code section 4325, in light of Kevin's 2006 domestic violence conviction.[1]

On appeal, Kevin contends that the trial court erred in terminating the temporary spousal support award on the basis of his prior domestic violence conviction. Kevin maintains that because the court was aware of the conviction at the time it entered the original temporary spousal support award, the changed circumstances rule[2] precluded modification of the award based on this conviction. Kevin also contends that the trial court erred in concluding that *Gruen* barred the court from reconsidering the support awards because, unlike in *Gruen*, the trial court in this case specifically reserved jurisdiction to make such a determination.

We conclude that the changed circumstances rule did not prevent the trial court from terminating the temporary spousal support award based upon the court's application of section 4325 to Kevin's domestic violence conviction. We further conclude that the trial court erred in its determination that *Gruen* precluded amendment of the original support awards. The error was harmless with respect to the spousal support award, but remand is necessary with respect to the child support award. Accordingly, we affirm the trial court's order terminating spousal support effective July 1, 2011. We reverse the trial court's order concluding that it lacked jurisdiction to amend the pendente lite child support award for September and October 2010, and remand the matter to permit the trial court to determine whether to amend its child support award for those months based upon Kevin's presentation of additional evidence pertaining to Christine's income.

---

[1] Unless otherwise specified, all subsequent statutory references are to the Family Code. Generally speaking, section 4325 establishes "a rebuttable presumption that an award of spousal support not be made to a spouse who has been convicted of intraspousal domestic violence." (*In re Marriage of Cauley* (2006) 138 Cal.App.4th 1100, 1102 [41 Cal.Rptr.3d 902] (*Cauley*).)

[2] The changed circumstances rule is a principle of family law that provides that courts generally will not revise a prior order absent a material change of circumstances. (*Gruen, supra,* 191 Cal.App.4th at p. 638.) The rule has been applied in many contexts, including child custody (e.g., *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 38 [51 Cal.Rptr.2d 444, 913 P.2d 473]), child support (e.g., *In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1054 [131 Cal.Rptr.3d 424]) and spousal support (e.g., *Gruen, supra,* at p. 638).

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Christine and Kevin married in October 1992, and separated in March 2010. They have two children together, N.F., born in April 1996, and L.F., born in February 2001. In April 2010, Christine filed a petition for dissolution of the marriage.

In August 2010, Kevin filed an application for an order to show cause (OSC) seeking child support, spousal support and other relief. Christine filed a responsive declaration in which she requested that the court award no spousal support. In her declaration, Christine stated that Kevin had a "history of perpetrating domestic violence against [her]," and noted that in October 2006, Kevin suffered a conviction for committing a battery against her. Christine also stated that Kevin "assaulted" her in March 2010, and noted that the trial court had entered a domestic violence restraining order against Kevin in July 2010.

On October 6, 2010, the trial court held a hearing on the OSC. At the conclusion of the hearing, the trial court awarded Kevin $800 a month in temporary spousal support and awarded Christine $7 a month in temporary child support. The court ruled that both awards were effective as of August 1, 2010. The court also noted that Kevin's counsel had contended that Christine had misrepresented her income and expenses. The trial court rejected this contention, stating, "I don't believe she misrepresented." However, the court reserved jurisdiction with respect to whether to amend the child and spousal support awards for the months of September and October 2010 and indicated that Kevin would have the opportunity to present evidence pertaining to Christine's income, stating: "So this is my order. I'm going to be making an order today going with [Christine's counsel's] income and expense representation, with a reservation to reconsider this finding on what her income is with a timeline attached to it. This is not an indefinite timeline. But I'm going to give you so much time to bring [it] back to this court, upon review of this issue of what her actual income was during this time, September, October of 2010. [¶] And if you can produce discovery that you want to lodge with the court that shows [Christine's counsel's] representations were inaccurate, incomplete, and not satisfactory in that regard, then I will retroactively amend my order of today to give your client those benefits." The court stated that Kevin's counsel had until January 4, 2011, to file additional evidence demonstrating that Christine's income had been higher during the months of September and October 2010 than represented in her income and expense declaration. The court also directed Kevin's counsel to prepare a final order after hearing.

On January 3, 2011, Kevin filed an ex parte application to extend the time within which the court could consider the issue of Christine's income for "the time period of September and October 2010," until 60 days after the resolution of various discovery disputes. The trial court granted the application.

On February 10, Kevin filed an application for an OSC to modify the existing child and spousal support awards. In his application, Kevin stated that his request was based on the fact that he had lost his job on January 25.

The court held a hearing on March 23. At the outset of the hearing, the trial court noted that at the October 6 hearing, it had "reserved over a determination of [Christine's] income for the time period of October and September 2010." However, the trial court stated that it now believed it did not have jurisdiction to consider this issue in light of this court's January 2011 decision in *Gruen*. The court reasoned, "[M]y read of [*Gruen*] is that once an order is entered, you cannot modify it or do any retroactive modification. You have to file a new OSC." The court indicated that it would permit the parties to file briefs addressing the effect, if any, of *Gruen* on whether the court could amend the October 2010 child and spousal support awards.

Also at the March 23 hearing, the court considered Kevin's February 2011 OSC to modify the existing child support and spousal support awards. The court stated that it would increase the spousal support award to $1,100 a month effective April 1, on an interim basis, in light of Kevin's job loss, and further stated that it would not make any changes to its prior child support award. The court specified that the spousal support award was "a temporary interim order," pending a further hearing on Kevin's OSC to be held on June 1.

In May 2011, Christine filed a responsive declaration to Kevin's February 2011 OSC. In her declaration, Christine requested that spousal support be set at $0. In support of her request, Christine stated, "This marriage ended after years of domestic violence . . . ." Christine added, "The spousal support merely enables [Kevin] to continue to harass me and punish me."[3]

On June 1, the trial court continued the hearing on Kevin's February 2011 OSC and entered a minute order that states, "Parties to address applicability of [Family Code section] 4325 factors[.] All issues from March hearing to be addressed . . . ."

---

[3] Kevin failed to include Christine's declaration in the record on appeal. On our own motion, we order that the record on appeal be augmented with the superior court file. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

On June 6, 2011, the trial court entered an order entitled, "Findings and Order After Hearing," pertaining to matters raised at the October 6, 2010 hearing. The court determined Christine's income and awarded child and spousal support as stated at the hearing. The order also specifically referred to the court's reservation of jurisdiction to reexamine Christine's income, stating:

"RE: COURT RESERVES OVER [CHRISTINE'S] INCOME DETERMINATION

"4. The court reserves over the determination of [Christine's] income and findings as of the hearing of October 6, 2010 . . . for a period of 90 day[s] or January 4, 2011.

"5. [Kevin's] counsel has until January 4, 2011 to appear ex parte to calendar a review hearing from the court to address the court's reservation over [Christine's] income and court findings regarding [the] same."

On June 28, the court held a hearing. At the hearing, the court heard argument on the effect of *Gruen* on this case. After hearing argument, the court ruled that under *Gruen*, it lacked jurisdiction to "go back" and reassess Christine's income for the period of September and October 2010. The court further stated, "So, I'm not going to go back and re-address her income variations, if they do exist, for that time period."

With respect to Kevin's February 2011 request to modify the support awards in light of the loss of his job, the court reduced Christine's child support award from $7 a month to $6, effective July 1. With respect to spousal support, the court stated that it had asked the parties to address the effect of section 4325 on this case. After hearing argument from both counsel concerning this issue, the court stated that it would take the issue under submission and would draft a written order concerning spousal support.

On June 30, the court entered a written order terminating temporary spousal support, effective the following day, July 1. In its order, the court took judicial notice of several case files that documented the domestic violence that Kevin had inflicted on Christine throughout their relationship. The court summarized that history as follows.[4] In October 2006, Kevin pled guilty to a violation of Penal Code sections 242 and 243, subdivision (e)(1).[5] A trial court issued a criminal protective order in connection with the

---

[4] These files are not contained in the appellate record. However, Kevin does not dispute the trial court's summary of their contents.

[5] Penal Code section 242 defines the crime of battery, and Penal Code section 243 specifies the punishment for that crime.

conviction that expired in October 2009. The trial court further noted that it had presided over a July 2010 hearing on Christine's request for a restraining order against Kevin. According to the court, the evidence presented at the hearing "established by a preponderance of the evidence that [Kevin] had been physically and emotionally abusive toward [Christine]." The court noted that it had granted Christine a two-year restraining order against Kevin at the conclusion of the July 2010 hearing.

The trial court also noted that Kevin had not provided any facts that were not known at the time of the July 2010 hearing and that "no additional facts were presented to rebut the presumption set forth in [section] 4325." The court continued: "Therefore, the Court finds that [Kevin] suffered the criminal conviction for an act of domestic violence against his spouse within [five] years prior to the filing of the dissolution. That [Kevin] was again physically violent and abusive towards his spouse, [Christine,] [seven] months after the expiration of the criminal protective order. That he has failed to rebut the presumption as stated in [section 4325]. The court denies the request to award any temporary spousal support. The support is hereby set at zero, effective July 1, 2011."

On July 8, Kevin filed a motion to reconsider or vacate the court's June 28 and June 30 orders. The trial court denied Kevin's motion that same day.

Kevin filed a timely notice of appeal from the court's June 6, June 28, June 30, and July 8, 2011 orders.[6]

### III.

### DISCUSSION

A. *The trial court did not abuse its discretion in terminating Kevin's spousal support award pursuant to section 4325 based on his domestic violence conviction*

Kevin claims that the trial court erred in terminating the spousal support award because there were no changed circumstances that warranted the termination.[7] We apply the abuse of discretion standard of review to Kevin's claim. (See, e.g., *In re Marriage of Samson* (2011) 197 Cal.App.4th 23, 28–29 [127 Cal.Rptr.3d 857].)

---

[6] Kevin's claims on appeal focus on the court's June 30 order terminating spousal support and the court's June 28 order concluding that it lacked jurisdiction to amend the child and spousal support awards for the months of September and October 2010.

[7] Kevin also contends that the trial court lacked jurisdiction to terminate the spousal support award on June 30, 2011, because there "was no pending OSC" and "[n]either party filed a new OSC or motion after the March 23, 2011 order." We reject this claim. As noted in part II., *ante,*

### 1. *Governing law*

#### a. *Temporary spousal support awards and domestic violence*

■ "Pending a marriage dissolution . . . the court . . . may order either spouse to pay 'any amount that is necessary' for the other spouse's support, consistent with the requirements of sections 4320, subdivisions (i) and (m), and 4325. (§ 3600.)"[8] (*In re Marriage of Wittgrove* (2004) 120 Cal.App.4th 1317, 1326 [16 Cal.Rptr.3d 489], fn. omitted (*Wittgrove*).) Section 4320, subdivision (i), *requires* the trial court to consider "[d]ocumented evidence of any history of domestic violence" when ordering spousal support. Section 4320, subdivision (m), provides, "The criminal conviction of an abusive spouse shall be considered in making a reduction or elimination of a spousal support award in accordance with Section 4325."

Section 4325 provides:

"(a) In any proceeding for dissolution of marriage where there is a criminal conviction for an act of domestic violence perpetrated by one spouse against the other spouse entered by the court within five years prior to the filing of the dissolution proceeding, or at any time thereafter, there shall be a rebuttable presumption affecting the burden of proof that any award of temporary or permanent spousal support to the abusive spouse otherwise awardable pursuant to the standards of this part should not be made.

"(b) The court may consider documented evidence of a convicted spouse's history as a victim of domestic violence, as defined in Section 6211, perpetrated by the other spouse, or any other factors the court deems just and equitable, as conditions for rebutting this presumption.

at the March 23 hearing, the court continued the hearing on Kevin's February 2011 OSC. Thus, the record is clear that there was in fact a pending OSC at the time the court terminated Kevin's spousal support on June 30.

Kevin also contends that the trial court abused its discretion in declining to modify the child support award in light of the January 25, 2011 termination of his employment. However, as noted in part II., *ante*, on June 28, 2011, the trial court *did* modify the child support award in light of Kevin's job loss, by reducing Christine's child support award from $7 a month to $6, effective July 1. To the extent that Kevin contends that the court should have reduced his child support obligation at the *March 23* hearing, he fails to present any argument that the court was required to implement such a de minimis change on an interim basis prior to the continued hearing on Kevin's February 2011 OSC to modify the child and spousal support awards in June 2011.

[8] In 2001, the Legislature amended section 3600 to require that a trial court consider any documented history of domestic violence when making a temporary spousal support award. (*In re Marriage of MacManus* (2010) 182 Cal.App.4th 330, 336 [105 Cal.Rptr.3d 785] (*MacManus*).) "In 2002, [section 3600] was amended to clarify that the trial court need consider only the history of domestic violence, not all the factors in section 4320." (*MacManus, supra*, at p. 336, fn. 5.)

"(c) The rebuttable presumption created in this section may be rebutted by a preponderance of the evidence."

In *Cauley, supra,* 138 Cal.App.4th at pages 1106–1107, the Court of Appeal held that the strong public policy against domestic violence embodied in section 4325 rendered unenforceable a provision in a marital settlement agreement that precluded modification or termination of the spousal support provided for in the agreement. The *Cauley* court reasoned in part: "Though there is a strong public policy in favor of enforcing the spousal support provisions of the parties' settlement agreement and appellant would forfeit a substantial amount of spousal support if there were no enforcement, the parties could not have reasonably expected that respondent would finance his own abuse by appellant. Balanced against these factors, we note that there is a significant public policy against domestic violence. As was noted in the analysis from the Assembly Judiciary Committee, 'granting spousal support to a convicted abuser is unconscionable and constitutes unjust enrichment. . . . [S]pousal support orders in such domestic violence cases potentially force victims of abuse to remain dangerously entangled in the abuser's web of violence and intimidation.' (Assem. Com. on Judiciary, 3d reading analysis of Sen. Bill No. 1221 (2001–2002 Reg. Sess.) as amended Aug. 23, 2001, p. 3.) Refusal to enforce the spousal support provision will further this policy against domestic violence, because appellant will have fewer financial resources to continue her harassment of respondent." (*Cauley, supra,* at p. 1106.)

### b. *The changed circumstances rule*

" 'As a general rule, courts will not revise a child support order unless there has been a *"material change of circumstances."* . . .' [Citation.] The majority view is that the same general rule applies to temporary spousal support. [Citation.]" (*Gruen, supra,* 191 Cal.App.4th at p. 638; but see *In re Marriage of Murray* (2002) 101 Cal.App.4th 581, 597, fn. 11 [124 Cal.Rptr.2d 342] (*Murray*) ["several cases . . . hold no such showing is necessary. (See, e.g., *Sande v. Sande* (1969) 276 Cal.App.2d 324, 329 [80 Cal.Rptr. 826]; *Zinke v. Zinke* (1963) 212 Cal.App.2d 379, 382–384 [28 Cal.Rptr. 7]; *Rosenthal v. Rosenthal* (1961) 197 Cal.App.2d 289, 306–307, 309–311 [17 Cal.Rptr. 186].)"].)

■ "[T]he reason for the change of circumstances rule is to preclude relitigation of the same facts." (*In re Marriage of Baker* (1992) 3 Cal.App.4th 491, 501 [4 Cal.Rptr.2d 553] (*Baker*).) As the court in *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 480 [274 Cal.Rptr. 911], explained: "A motion for modification of spousal support may only be granted if there has been a material change of circumstances since the last order. [Citation.] Otherwise,

dissolution cases would have no finality and unhappy former spouses could bring repeated actions for modification with no burden of showing a justification to change the order. Litigants ' "are entitled to attempt, with some degree of certainty, to reorder their finances and life style [*sic*] in reliance upon the finality of the decree." ' [Citation.] Absent a change of circumstances, a motion for modification is nothing more than an impermissible collateral attack on a prior final order. [Citation.]"

One rationale for applying the changed circumstances rule to temporary spousal support orders is that such orders "share the 'finality' attribute of a spousal support judgment in that they are immediately appealable as 'collateral final orders.' " (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2012) ¶ 17:139, p. 17-35 (rev. # 1, 2011) (hereafter Hogoboom & King); see *Murray, supra*, 101 Cal.App.4th at p. 597 [stating rationale for applying changed circumstances rule to temporary spousal support orders, but noting conflict in case law as to whether rule applies in this context and not deciding the issue].)

The changed circumstances rule is not to be applied mechanistically or without exception. (See *Baker, supra*, 3 Cal.App.4th at p. 501 ["However, there can be cases where there [has] been no change of circumstances yet it would be just and equitable to modify an existing order."]; *Montenegro v. Diaz* (2001) 26 Cal.4th 249, 259 [109 Cal.Rptr.2d 575, 27 P.3d 289] ["we agree that the changed circumstance rule should be flexible . . ."]; *Goto v. Goto* (1959) 52 Cal.2d 118, 123 [338 P.2d 450] [" 'We do not wish to be understood as holding that "the change of circumstance" rule is an absolutely iron-clad rule and that there can be no possible exception to it. . . .' [Citation.]"].)

For example, in *In re Marriage of Stanton* (2010) 190 Cal.App.4th 547 [118 Cal.Rptr.3d 249] (*Stanton*), this court concluded that the changed circumstances rule did not prevent a husband's collateral attack on the trial court's award of temporary child and spousal support, given the " 'unusual circumstances' " present in that case. (*Id.* at p. 554.) The husband moved to modify the trial court's temporary child and spousal support orders on the ground that federal law preempted the trial court's consideration of certain of the husband's military allowances for purposes of determining his income available for support. (*Id.* at pp. 552–553.) The trial court denied the motion on the ground that federal law did not preempt its consideration of the allowances. (*Id.* at p. 553.)

On appeal, the San Diego County Department of Child Support Services (the Department), acting as an intervener to defend the trial court's orders, contended that this court should affirm the orders on the "sole ground [the

husband] presented no changed factual circumstance justifying a modification of support." (*Stanton, supra*, 190 Cal.App.4th at p. 553.) The Department reasoned that the federal preemption issue had arisen at the time the trial court entered the *initial* support orders, which were now final. (*Ibid.*) The *Stanton* court concluded that it was proper for the trial court to consider the husband's preemption claim at the *modification* hearing, notwithstanding that the factual predicate for that claim had arisen at the *initial* hearing establishing support. (*Id.* at pp. 554–555.) In support of this conclusion, the *Stanton* court noted that the trial court had addressed the merits of the preemption issue at the modification hearing, and that the husband had asserted that he failed to raise the issue at the initial spousal support hearing because he thought that proceeding was going to be only a "review hearing." (*Id.* at p. 554.)

### 2. *Application*

At the outset, we assume for purposes of this decision that the changed circumstances rule generally applies to temporary spousal support orders, notwithstanding the conflicting case law on this issue. (See *Gruen, supra*, 191 Cal.App.4th at p. 638.) Further, we acknowledge that the trial court terminated Kevin's temporary spousal support based on circumstances that arose prior to the court's initial October 2010 temporary spousal support award, namely, Kevin's 2006 domestic violence conviction. However, for the reasons that follow, we conclude that the trial court did not abuse its discretion in terminating the temporary spousal support award despite the absence of changed circumstances, given the " 'unusual circumstances' " of this case. (*Stanton, supra*, 190 Cal.App.4th at p. 554.)

To begin with, it is undisputed that Kevin suffered a qualifying domestic violence conviction pursuant to section 4325, and that there is no indication in the record that the trial court considered section 4325 at any time prior to June 1, 2011, when the court asked the parties to be prepared to address the applicability of the statute at the next hearing. Further, it is clear from the trial court's June 30, 2011 order that, if the court had considered section 4325 at the October 2010 hearing, it would have found the statutory presumption unrebutted, and would have refused to award Kevin any temporary spousal support.[9] We are aware of no case in which the changed circumstances rule has been applied to require a trial court to leave in place a spousal support

---

[9] This is clear from the fact that the court's June 30, 2011 order terminating spousal support was based on the same set of facts as existed as of the time of the October 2010 hearing awarding such support. The court terminated spousal support based on Kevin's 2006 battery conviction and the fact that "no additional facts were presented to rebut the presumption set forth in [section 4325]." The court also stated, "[Kevin] has not provided any information that was not already known and considered at the time of [the July 2010 domestic violence temporary restraining order] trial."

order that the court would not have entered in the first place if it had properly considered and applied the law in entering the original support order.

In addition, the circumstance upon which the trial court terminated temporary spousal support, i.e., Kevin's domestic violence conviction, is one that the Legislature has identified in section 4325 as warranting special attention. The *Cauley* court summarized the public policy underlying the statute by stating, "Section 4325 embodies a legislative determination that victims of domestic violence not be required to finance their own abuse." (*Cauley, supra*, 138 Cal.App.4th at p. 1107.) Indeed, domestic violence is the *only* issue that the Legislature has expressly mandated that a trial court consider in determining whether to award temporary spousal support. (See § 3600 [providing that during pendency of marital dissolution action a court may order "the husband or wife to pay any amount that is necessary for the support of the wife or husband, *consistent with the requirements of subdivisions (i) and (m) of Section 4320 and Section 4325*" (italics added)].)[10] In contrast to an award of permanent spousal support under sections 4330 and 4320, an award of temporary support does not require consideration of numerous statutory factors. The fact that the Legislature has singled out domestic violence as a critical factor that a court *must* consider in determining whether to award temporary spousal support bolsters the conclusion that the trial court did not abuse its discretion in belatedly applying the statute to terminate Kevin's award of spousal support.

As noted above, the chief reason for the changed circumstances rule is to "preclude *relitigation* of the same facts." (*Baker, supra*, 3 Cal.App.4th at p. 501, italics added.) In this case, the potential applicability of section 4325 was *never* litigated prior to June 2011. (See *Stanton, supra*, 190 Cal.App.4th at p. 554 [declining to apply changed circumstances rule where merits of issue were addressed for the first time at hearing on petition to modify temporary spousal support].) Further, courts have stated that the changed circumstances rule is necessary to prevent a *party* from bringing "an impermissible collateral attack on a prior final order." (*Smith, supra*, 225 Cal.App.3d at p. 480 [changed circumstances rule is needed to prevent "unhappy former spouses [from] bring[ing] repeated actions for modification with no burden of showing a justification to change the order"].) In this case, no *party* attempted to raise a collateral attack on the prior order. Rather, the *trial court* raised the issue of the potential applicability of section 4325 sua sponte in its June 1 order.[11] Thus, the chief rationale for the changed circumstances rule, i.e., to

---

[10] Subdivisions (i) and (m) of section 4320 and section 4325 all pertain to domestic violence. (See pt. III.A.1., *ante*.)

[11] Kevin states in his brief that the section 4325 issue "was raised by the court without any party mentioning it."

prevent parties from relitigating issues that the court has previously addressed, has no applicability in this case.

We reject Kevin's primary argument for applying the changed circumstances rule in this case, namely, that "even if the trial court had not considered the domestic violence . . . when it made the October 6, 2010 order, Christine could have appealed the order, but she did not." While some courts have suggested that the fact that temporary spousal support orders are appealable supports the conclusion that the changed circumstances rule should apply to such orders (*Stanton, supra,* 190 Cal.App.4th at p. 554; *Murray, supra,* 101 Cal.App.4th at p. 597 [dicta]; see Hogoboom & King, *supra,* ¶ 17:139, p. 17-35)—that rationale has little applicability in this case. That is because the court terminated the award on June 30—less than a month after it entered the June 6 order awarding such support. Thus, the time for Christine to appeal the trial court's original spousal support award had not expired prior to the court's termination of that award.[12]

Finally, Kevin argues that the trial court's "sudden termination" of temporary spousal support constituted an abuse of discretion because it upset his settled expectations that he would receive the amount that the court had previously ordered. We acknowledge that courts have occasionally referred to a reliance-based justification for the changed circumstances rule. (See *Smith, supra,* 225 Cal.App.3d at p. 480 ["Litigants ' "are entitled to attempt, with some degree of certainty, to reorder their finances and life style [*sic*] in reliance upon the finality of the decree." ' [Citation.]"].) However, the reliance justification to which the *Smith* court alluded is far from compelling in this case. The trial court's pendente lite order awarding Kevin temporary spousal support had become final less than a month before the court

---

[12] The trial court directed Kevin's counsel to prepare an order after the October 6, 2010 hearing, and the minute order from the October 6 hearing expressly states as much. The trial court entered the order after the October 6 hearing, on June 6, 2011. Under these circumstances, it is clear that the October 6, 2010 minute order was not appealable. (See *County of Alameda v. Johnson* (1994) 28 Cal.App.4th 259, 261, fn. 1 [33 Cal.Rptr.2d 483].)

The June 6 order constituted a final and appealable temporary spousal support order (see *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 [134 Cal.Rptr. 197, 556 P.2d 297] (*Skelley*)), with one exception. As is discussed in greater detail in part III.B., *post,* since the June 6 order left open the possibility that the trial court might amend the spousal support award for the months of September and October 2010 based on a reconsideration of Christine's income, the June 6 order also was not appealable as to those months. (*In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 735 [137 Cal.Rptr. 568] (*Van Sickle*) [collateral order exception to the one final judgment rule permitting interlocutory appeals in marriage dissolution cases applies "*only if a decision thereon determines finally the rights of the parties in relation to the collateral matter, leaving no further judicial acts to be done by the court in regard to that matter*"].) It was not until June 28, 2011, when the trial court ruled that *Gruen* precluded it from amending its original support awards, that the trial court entered a final appealable temporary spousal support order with respect to the months of September and October 2010. The court entered an order terminating temporary spousal support just two days later, on June 30.

terminated the order, and was apparently entered without any consideration of the strong public policy against domestic violence embodied in section 4325. We conclude that the trial court did not abuse its broad discretion in determining that compliance with the Legislature's mandate that "victims of domestic violence not be required to finance their own abuse" (*Cauley, supra,* 138 Cal.App.4th at p. 1107) outweighed any interest that Kevin might have in receiving continued temporary spousal support.

██ Accordingly, we conclude that the trial court did not abuse its discretion in terminating Kevin's temporary spousal support award.

B. *The trial court erred in concluding that it was precluded from amending the original child and spousal support awards, under* Gruen

Kevin contends that the trial court erred in concluding at the June 28 hearing that it lacked jurisdiction to reconsider Christine's income during the months of September and October 2010 for purposes of awarding pendente lite child and spousal support. Specifically, Kevin maintains that the trial court erred in concluding that *Gruen* precluded it from reconsidering Christine's income for these months because, unlike in *Gruen,* the trial court in this case specifically reserved jurisdiction to make such a determination. Kevin's contention raises a question of law, which we review de novo. (*Gruen, supra,* 191 Cal.App.4th at p. 637 [applying de novo standard of review to "purely legal questions" raised on appeal].)

1. *Governing law*

In *Gruen, supra,* 191 Cal.App.4th 627, this court concluded that the trial court had erred in retroactively modifying a pendente lite child and spousal support order. In that case, a husband filed for dissolution of his marriage and applied for an OSC concerning child and spousal support, among other matters. (*Id.* at p. 632.) On August 1, 2008, the trial court entered an order directing the husband to pay his wife $40,000 per month in temporary support. Also on August 1, the court appointed an expert to assist the court "in determining [husband's] income available for support." (*Id.* at p. 633.) On August 21, the husband asked the court to take his OSC off calendar insofar as it pertained to support. (*Ibid.*) In February 2009, the husband filed a motion for "retroactive reimbursement," in which he sought a "reduction in his support obligation, retroactive to August 1, 2008," based on the expert's draft report concerning his income. (*Id.* at pp. 633–634.) In June 2009, the trial court considered the expert's final report and retroactively reduced the temporary support award, effective August 1, 2008. (*Id.* at pp. 635–636.)

In concluding that the trial court had erred in retroactively modifying its August 1, 2008 order, the *Gruen* court noted that the August 1 order was

"final" and "immediately operative and directly appealable." (*Gruen, supra*, 191 Cal.App.4th at p. 639.) The *Gruen* court further stated that the trial court was mistaken in thinking that it could "retroactively modify a temporary order." (*Ibid.*; see *id.* at p. 638, quoting *Murray, supra*, 101 Cal.App.4th at p. 595 ["a 'court may not *retroactively* modify a prior order for temporary spousal support' "] and quoting § 3603 ["An order made pursuant to this chapter [(i.e., for pendente lite child or spousal support)] may be modified or terminated at any time *except as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate.*" (italics added)].)

The *Gruen* court also concluded that even prospective modification of the order was improper under the circumstances of that case, stating, "[E]ven to the extent the modifications of the August 1, 2008 order were prospective, they exceeded the court's jurisdiction since they were not based on any pending motion or OSC for modification." (*Gruen, supra*, 191 Cal.App.4th at p. 640.) In reaching this conclusion, the *Gruen* court noted that the husband had taken his original OSC off calendar and had never filed a motion to modify the August 1 support order. (*Id.* at pp. 640–641.)

### 2. *Application*

*Gruen* is premised on two basic principles, neither of which precludes amendment of the trial court's original spousal support award in this case. The original support award at issue in *Gruen* was "final" and "directly appealable." (*Gruen, supra*, 191 Cal.App.4th at p. 639.) The *Gruen* court relied on this finality in concluding that the trial court lacked jurisdiction to retroactively modify the original spousal support order at issue in that case. (*Ibid.*; see *Murray, supra*, 101 Cal.App.4th at p. 595 [stating that court could not retroactively modify a prior order for temporary spousal support because the order " 'is not merely a procedural ruling made during the course of the action that the court may reconsider at any time before final judgment [citations], but is directly appealable as a final judgment independently of the main action. [Citation.]' "].)

 In contrast, in this case, the trial court expressly reserved jurisdiction to amend its original support awards as to September and October 2010 based on further consideration of evidence pertaining to Christine's income. Thus, unlike in *Gruen*, in the present case, the parties' clear expectation was that the original support awards *were not* final as to these months. (Cf. *Gruen, supra*, 191 Cal.App.4th at p. 639 ["[The wife] was entitled to rely on the amount of temporary support ordered without the threat of having to repay or credit [the husband] with any portion of accrued support."].) The trial court's original child and spousal support awards in this case were not fully

dispositive of the rights of the parties with respect to the amount of support to be awarded for September and October 2010, and therefore did not constitute final support orders as to those months. (See *id.* at pp. 637–638 [" 'When a court renders an interlocutory order collateral to the main issue, *dispositive of the rights of the parties in relation to the collateral matter*, and directing payment of money or performance of an act, direct appeal may be taken.' " (italics added)], citing *Skelley, supra,* 18 Cal.3d at p. 368; see also *Van Sickle, supra,* 68 Cal.App.3d at p. 737 ["to hold that interim and preliminary rulings or decisions affecting severable and collateral matters arising in connection with the dissolution of a marriage are appealable . . . would pave the way to a piecemeal disposition of such severable and collateral issues in contradiction of the very rationale upon which the 'one final judgment' rule is predicated"].) Further, neither *Gruen,* nor the authority upon which *Gruen* is based, precludes a trial court from reserving jurisdiction to amend a *nonfinal* order based on the anticipated presentation of additional evidence.

In addition, the *Gruen* court concluded that the trial court lacked jurisdiction to modify the original support order at issue in that case because the husband had taken his original OSC off calendar and there was no pending motion to modify the support order. (*Gruen, supra,* 191 Cal.App.4th at p. 640.) In contrast, in this case, the trial court specifically reserved jurisdiction over Kevin's August 2010 OSC seeking child and spousal support at the October 2010 spousal support hearing, and at no time did Kevin take his August 2010 OSC off calendar. The trial court in this case thus continued to have jurisdiction to render a final order on Kevin's August 2010 OSC. The trial court was mistaken in concluding otherwise.

Notwithstanding the trial court's error in concluding that it lacked jurisdiction to amend the support awards for the months of September and October 2010, it is clear that any such error was harmless with respect to spousal support. We concluded in part III.A., *ante,* that the trial court's order terminating spousal support made clear that the court would not have awarded Kevin *any* spousal support if the court had considered section 4325 at the October 2010 hearing as required, and that the changed circumstances rule did not prohibit the court from subsequently terminating spousal support based on the court's belated consideration of the statute. In this part, we concluded that the trial court's original spousal support award was not final with respect to the amounts of spousal support to be awarded for the months of September and October 2010. Under these circumstances, there is no basis for concluding that the trial court would (or even could) have exercised its discretion to award *additional* spousal support beyond that which it awarded originally in October 2010 without due consideration of section 4325. Accordingly, we conclude that the trial court committed harmless error in determining that *Gruen* precluded it from amending the original spousal support order to award Kevin additional temporary spousal support.

With respect to child support, the court originally awarded Christine $7 a month of pendente lite child support for the months of September and October 2010. On remand, the trial court may consider whether to amend the child support award for these months based on Kevin's presentation of additional evidence pertaining to Christine's income.[13]

## IV.

## DISPOSITION

The trial court's June 30, 2011 order terminating spousal support effective July 1, 2011 is affirmed. The trial court's June 28, 2011 order is reversed insofar as the court concluded that it lacked jurisdiction to amend the pendente lite child support award for September and October 2010. The court may consider on remand whether to amend the child support award for September and October 2010 based on Kevin's presentation of additional evidence pertaining to Christine's income. Each party to bear his or her own costs on appeal.

Huffman, Acting P. J., and Irion, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 19, 2012, S206560.

---

[13] We recognize that in light of the likely de minimis nature of any potential adjustment in Kevin's child support obligations for September and October 2010 (as noted above, Christine was originally awarded just $7 a month in child support for these months), Kevin may choose not to pursue this matter further. In that event, the trial court shall enter a final order stating that Christine is to be awarded $7 a month for the months of September and October 2010.