Filed 3/5/14  Marriage of Akhavain CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of MARK O. and CAROLINE M. AKHAVAIN. | |
| MARK O. AKHAVAIN,  Appellant,  v.  CAROLINE M. AKHAVAIN,  Respondent. | G047772  (Super. Ct. No. 11D008828)  O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Law Offices of Burch & Coulston, Robert Burch and Courtney L. Shepard for Appellant.

Phillips Whisnant Gazin Gorczyca & Curtin and J. Benedict Phillips for Respondent.

*        *        *

Mark O. Akhavain (husband) appeals from an order awarding Caroline M. Akhavain (wife) $3,368 per month in temporary child support and $10,222 per month in temporary spousal support, both retroactive to October 2011. Husband contends the court lacked jurisdiction to issue that order. We disagree and affirm the order.

FACTS

The parties married in June 2002 and have one minor child over 11 years old. In September 2011, wife petitioned to dissolve the marriage and filed an order to show cause (OSC) requesting, among other things, temporary child and spousal support. The trial court signed and filed a stipulation and order on temporary orders executed by the parties five days earlier, which provided, inter alia, that husband would pay $3,000 per month to wife and that custody, support, and other financial issues would be heard on an expedited basis.

In support of wife's OSC, she filed an income and expense declaration stating the parties' marital standard of living was characterized by spending over $24,000 a month. Husband's responsive declaration, filed on September 20 averred he had a negative gross income of over $300,000, increasing each year between 2006 and 2009. His concurrently filed income and expense declaration stated he had negative income, "deminimis" funds in bank accounts, "[u]nknown" "[s]tocks, bonds and other assets," and real and personal property in an amount "TBD."

The OSC hearing took place over several days. At its conclusion on October 27, the court agreed with wife that "[d]ue to [husband's] numerous business investments and interests, and an utter lack of documentation presented at this hearing[,] . . . a forensic accountant is necessary to determine [husband's] true month cash flow available for support." It then ordered husband "to continue paying [wife] $3,000 per month as *pendente lite* family support for both [wife] and the minor child"

2

"[u]ntil [it] has more evidence of [husband's] true monthly income" and "until further order of the [c]ourt." It expressly "reserve[d] the right to recalculate *pendente lite* support to the date of filing," and set a review hearing for January 25, 2012 for "a review of visitation."

At the review hearing, the court declined to grant husband's request for additional visitation because the purpose of the "hearing was simply to see how well the visitation was going," but invited either party to "file a new [OSC] or a modification of the court's *pendente lite* order" if they desired. Following a discussion of selecting a forensic accounting expert, the court appointed Dennis Sperry. When wife asked for a hearing date "to determine [husband's] cash flow," husband suggested wife file a new OSC for support. The court stated that was unnecessary "because it was part of the original [OSC] filed by [wife]," and that the $3,000 amount to be paid by husband for family support "was not . . . [its] own ruling" nor "based on any evidence presented" to it but rather "was pursuant to the parties['] stipulation and order entered into by the parties." A hearing on support issues was set for May.

Subsequently, husband filed an OSC to modify the child custody and visitation orders. He also submitted an income and expense declaration that he "[j]ust starting working January 1, 2012," made $9,200 last month and that his average monthly was $2,300. He left blank the amount of funds on deposit in bank accounts, "zero" for "[s]tocks, bonds, and other assets [he] could easily sell," and "TBD" for all other real and personal property.

At the May hearing, the court indicated it was "both an [OSC] for modification filed by [husband] for additional visitation and custody" "[a]s well as a review hearing on the custody and visitation, [and] . . . support issues." Sperry had not completed his report because he still needed information from husband. Husband disagreed the hearing was for anything other than his OSC for more visitation because "[t]here's no OSC before the court on support." Wife argued, and the court agreed, they

3

were still dealing with her "initial" OSC but husband maintained the court already resolved the support issues and attorney fees and that wife needed to file a new OSC. At the end of the hearing, the court reiterated that it was unnecessary for wife to bring another OSC, stating, "I was anticipating that that issue would come up and that I would be hearing it again without any further OSC being filed." The court continued the matter to July 13.

At the July 13 hearing "on the continued issue of support," husband again claimed it was not a continuation of wife's OSC filed on September 20 because the October 27 minute order "indicated that there was no continuance of that [OSC]. There was a ruling on that [OSC]. There was a review hearing set on custody and visitation only on January 25th." He acknowledged that "on January 25th, the court said it was going to have a review hearing on spousal support pending the receipt of" information from a forensic accountant but insisted the October 27th ruling was "as to support as well [as custody and visitation]" and that "[t]he order was $3,000." The court disagreed, stating "[t]he order was made pursuant to the stipulation by the parties that was originally entered into on September 20th" and that it was simply continuing the stipulation pending an evaluation by the forensic accountant.

Husband maintained *In re Marriage of Gruen* (2011) 191 Cal.App.4th 627 (*Gruen*) required the court to dismiss the hearing until wife filed an OSC to modify. The court indicated it was aware of the case and ruled it "has jurisdiction to decide [the] issues [of temporary support and fees] today and that those issues were continued by the court on October 27th . . . because . . . [it had] . . . declined to calculate support at that time based on the insufficient financial information presented at that hearing. It was the court's intention at that time, as well as in May . . . and . . . January of this year, that the court was going to decide the issue of support once the court receives the report from . . . Sperry and once . . . Sperry was ready to testify." The court thus denied husband's motion to dismiss and invited husband to file an appeal.

4

The court thereafter commenced the hearing, then continued it several times before concluding it on September 11, 2012. Before rendering its ruling, the court reiterated the reasons it believed it had jurisdiction to consider wife's request for temporary support and fees and went through each of the hearings in detail. Once that was done, the court ordered husband to pay monthly child and spousal support in the amounts of $3,368 and $10,222, both retroactive to October 1, 2011, and found husband owed $105,900 in child and spousal support arrears.

DISCUSSION

Husband contends the court lacked jurisdiction to issue retroactive support orders because (1) the October 27, 2011 order was "operative from the time of pronouncement, and is directly appealable"; (2) the law precludes retroactive orders; and (3) there was no pending motion or OSC to modify the original order. We agree with husband that a de novo standard of review is applied because he raises purely legal issues relating to jurisdiction. (*Burke v. California Coastal Com*. (2008) 168 Cal.App.4th 1098, 1106; *Baqleh v. Superior Court* (2002) 100 Cal.App.4th 478, 485-486.) Under that standard, husband's claims fail.

First, although a temporary support order generally is in the nature of a final judgment and is directly appealable (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368-369), an exception exists if the order is interim or a preliminary ruling; such orders are not final or appealable even if affecting severable and collateral matters arising in a dissolution proceeding (*In re Marriage of Levine* (1994) 28 Cal.App.4th 585, 589 -590 [order stating "issues concerning attorney fees and costs would be reserved" "is one which is 'preliminary to later proceedings'" and not appealable because it is not sufficiently final]; *In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 737 [if court reserves "jurisdiction to decide a severable, collateral matter . . . at a time subsequent to

5

the entry of the interlocutory judgment dissolving the marriage, no appeal may be taken from any interim or preliminary ruling or decision the court may make as to that collateral matter even though the ruling or decision is embodied in the interlocutory judgment of dissolution of marriage"].)  Here, the court's October 27, 2011 minute order specifically "reserves the right to recalculate *pendente lite* support to the date of filing" because it did not have sufficient evidence of husband's "true monthly income."  Thus, because the order was "'preliminary to later proceedings'" (*In re Marriage of Levine*, at p. 589), it was not sufficiently final to be appealed.

Second, husband argues Family Code sections 3603 [an order awarding temporary spousal and child support "may be modified or terminated at any time except as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate"] and 3651, subdivision (c)(1) ["a support order may not be modified or terminated as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate"] preclude the court "from retroactively modifying a support order so as to create support arrearages which accrued before the date of filing of a motion or RFO [sic] for modification."  But the court did not do that as its October 27, 2011 minute order expressly reserved the right to recalculate the *pendente lite* in ruling on wife's original OSC filed September 20, 2011.  Nor does Family Code section 3692 [prohibiting support orders from being "set aside, simply because the court finds that it was inequitable when made or . . . subsequent circumstances caused the support order to become excessive or inadequate"] apply since the record contains no evidence the court made its final ruling on the basis it believed its October 27, 2011 order was inequitable.

Finally, we reject husband's claim that *Gruen*, *supra*, 191 Cal.App.4th 627, precludes the court's final order.  *Gruen* held that a trial court lacks jurisdiction to retroactively modify a temporary support order to a date earlier than the one on which a proper pleading seeking modification of such order is filed.  (*Id*. at p. 631.)  But when a

6

court specifically reserves jurisdiction to redistribute temporary support payments, it may direct an award apply before it is issued because the temporary award was not final or dispositive. (*In re Marriage of Freitas* (2012) 209 Cal.App.4th 1059, 1074-1075 ["court's original child and spousal support awards in this case were not fully dispositive of the rights of the parties with respect to the amount of support to be awarded . . . and therefore did not constitute final support orders as to those months"].) "[N]either *Gruen*, nor the authority upon which *Gruen* is based, precludes a trial court from reserving jurisdiction to amend a *nonfinal* order based on the anticipated presentation of additional evidence." (*Id*. at p. 1075.) That is what occurred here.

## DISPOSITION

The order is affirmed. Wife shall recover her costs on appeal.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.

7