Filed 4/16/15  Marriage of Jones and Ballard CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re Marriage of JAMES SCOTT JONES and HOLLIE AMBER BALLARD. | |
| JAMES SCOTT JONES,<br><br>    Respondent,<br><br>        v.<br><br>HOLLIE AMBER BALLARD,<br><br>    Appellant. | G050152<br><br>(Super. Ct. No. 14D001171)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Glenn R. Salter, Judge.  Petition granted in part and denied in part.

Chavis Law Firm, L. Michelle Chavis and Stephanie Finelli for Appellant.

John R. Schilling for Respondent.

## I.  INTRODUCTION

This is a dissolution case involving a short, five-year, marriage, no children, a separate property business, an extremely high income on the part of the husband, and no appreciable income on the part of the wife.  It comes to us via a premature appeal, which we treat as a de facto writ petition.  We conclude the trial judge did not abuse his discretion in not making the initial spousal order retroactive to the date of filing.  But we also conclude he could not refuse to award the low-income spouse *any* funds *at all* for a forensic accountant, given the virtual certainty the proper litigation of her case will require one.

## II.  FACTS

James Scott Jones filed for divorce from his wife Hollie A. Ballard on February 6, 2014.  Jones was 45 and Ballard 36, and the marriage had lasted 5 years, 4 months.  There are no children.

On February 14, eight days after Jones' filed his petition, Ballard filed what is sometimes called in family law an "initial OSC" or order to show cause proceeding.  She asked the court to award her $21,900 in monthly spousal support pending trial.  She also asked the court to require Jones to pay the mortgage on the family home in Capistrano Beach where Ballard continued to live, and make the payments on the BMW she had kept.  Finally, she sought to have the court require Jones to advance her $30,000 for attorney fees and another $30,000 to retain a forensic accountant.

Ballard alleged that Jones is the owner of a business, USD Products, that earns at least $1 million a month.  She estimated Jones' monthly income at $62,000, which works out to $744,000 a year, presumably before taxes.  Her moving papers on the request for $30,000 to retain a forensic accountant said she had to retain a forensic accountant because she is "the out-spouse and [Jones] is self-employed."

2

The OSC took place about a month later. The hearing generated a minute order reflecting a court reporter was present. And while it also reflects that both Jones and Ballard were sworn to testify, it does not reflect that either party *did* testify. The closest the minute order comes to substantive information received by the trial court was a line indicating oral argument by counsel: "The Court receives [Ballard's] proposed support calculations; [Jones] refutes the calculations provided."

As to monthly spousal support, the court awarded Ballard $14,100 a month, required Jones to make the house mortgage and tax payments, and also make the car payment. The value of the in-kind house and car payments, at least according to a later declaration filed by Scott, is about $6,000 a month. The court ordered the support to begin April 1. There was no provision for any retroactivity. The court also awarded $20,000 in attorney fees, but payable at a rate of $2,000 a month. And it did not award any money at all for a forensic accountant, though the denial of Ballard's request in that regard was expressly without prejudice. The minute order merely said the court was not convinced "the business is more than separate property." The minute order also directed *Jones'* counsel to prepare a formal "Findings and Order After Hearing" reflecting the trial court's orders.

III. DISCUSSION

Ballard has filed an appeal from the minute order of March 17. Her appeal does not include a reporter's transcript of the proceedings on that day. She presents two arguments: (1) the trial court abused its discretion in not making the spousal support payments retroactive to her February 14 filing date, and (2) the trial court abused its discretion in not awarding any money for the costs of a forensic accountant, even if the denial was without prejudice.

3

Preliminarily, we deal with Jones' argument the appeal must be dismissed because of the absence of a formal "Findings and Order After Hearing." Jones is correct to the degree that the absence of signed findings technically renders Ballard's appeal premature. (See *In re Marriage of Freitas* (2012) 209 Cal.App.4th 1059, 1072, fn. 12 [observing minute order was not appealable where court directed appellant's counsel to prepare order after hearing]; see also *County of Alameda v. Johnson* (1994) 28 Cal.App.4th 259, 261, fn. 1 ["When a minute order expressly directs that a written order be prepared, an appeal does not lie from the minute order, but only from the later order."].)

However, if circumstances warrant, this court has discretion to treat Ballard's premature appeal as a de facto petition for a writ of mandate. (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 745-747.) We exercise our discretion in this case because we do not think Jones should receive the benefit of his counsel's omission. The minute order specifically directed Jones' counsel to prepare the formal findings document. Any prematurity in this appeal is thus Jones' counsel's fault.

Turning to the merits, both issues of retroactivity and costs for a forensic accountant are tested under an abuse of discretion standard. (See *In re Marriage of Wittgrove* (2004) 120 Cal.App.4th 1317, 1327 ["We also review temporary spousal support orders under the abuse of discretion standard."]; see also *In re Marriage of Falcone & Fyke* (2012) 203 Cal. App. 4th 964, 975 [in making pretrial attorney fee and cost order, trial court "has broad discretion" and will not be reversed "absent a showing that no judge could reasonably have made the order, considering all of the evidence viewed most favorably in support of the order"].)

To be sure, there is no reporter's transcript. That restricts the scope of our review, but is not necessarily fatal to Ballard's case on the merits. If reversible error (or

4

abuse of discretion) appears on the face of the record, we may still correct it.  (See *Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083.)

On the retroactivity issue, no abuse of discretion appears on the face of the record.  The dissolution commenced February 6, the temporary order began April 1, so the gap was less than two months.  The minute order and Ballard's own declaration in support of her OSC give rise to a reasonable inference that Ballard lived in the Capistrano Beach home continuously during that two-month period; it was Jones who moved out.  The same documents similarly indicate that Ballard had possession of a BMW automobile over the same period.  The value of those two items alone is around $6,000 a month, so it isn't true that Ballard effectively had no money during the period February 6 to April 1.  The worst that can be said is that she simply didn't have any *cash* coming in.  And in this regard, there is no showing that Jones cut off any of Ballard's credit cards or left her without money in a checking account.  (There is, in fact, nothing in this record involving bank records.)  There is thus no showing in this record that Ballard suffered any deprivations or incurred any debts for her living expenses during this relatively brief gap period.

The two cases on which Ballard most relies on the retroactivity issue, *In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, and *In re Marriage of Dick* (1993) 15 Cal.App.4th 144, are both inapposite.  *Cheriton* involved an abuse of discretion by the trial court in not making a *permanent* support order that included *child* support retroactive to the date of filing a motion for modification.  The abuse of discretion stemmed from the trial court's lack of focus on the needs of the couple's *children*.  (See *Cheriton, supra*, 92 Cal.App.4th at p. 300 ["So far as we can glean from the record, the court did not independently assess the children's needs in acting on Iris's request for a fully retroactive support modification."].)  Here there are no children, and any inequity can be cured in the final order.

*Dick* involved a temporary support order extended to the maximum conceivable extent, the date of filing of the petition. (See *Dick, supra*, 15 Cal.App.4th at pp. 165-166.) But that extreme retroactivity was justified by the unusual circumstance of the husband's avoiding service of process for about two years, plus the resultant financial distress the wife suffered in the interim. (See *id*. at p. 168 [noting that the husband there "managed to evade service for 26 months" all the while wife was defending against "efforts to evict her from the family residence"].) Here, Jones is the spouse who filed the proceeding, and there is no indication of any financial distress on Ballard's part.

The other issue – the denial of the request for funds to employ a forensic accountant – is a different matter. The basic theory of pretrial attorney fee and cost orders is to even out the playing litigation field between spouses of unequal incomes. (See *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1315 [purpose is to permit lower-earning spouse to have a comparable ability to obtain and pay for counsel in litigating essential issues as the spouse with higher earnings]; see also *Alan S. Jr. v. Superior Court* (2009) 172 Cal.App.4th 238, 252 ["The idea is that both sides should have the opportunity to retain counsel, not just (as is usually the case) only the party with greater financial strength."].)

While Ballard's moving papers could have been more expansive as to the need for a forensic accountant, the fact of the inequality of incomes between the spouses and Jones' operation of what appears to be a profitable business were still before the court. If Ballard needs a forensic accountant at all, Jones is going to have to foot the bill, particularly given that the attorney fee award is being parceled out at the rate of $2,000 a month. It seems unreasonable to expect Ballard's counsel to restrict her work or discount her own fees so that Ballard can have access to a forensic accountant.

The question then becomes, did Ballard show she needed a forensic accountant at the March 17 hearing? The trial judge didn't think so, because he wasn't convinced USD Products is anything other than Jones' separate property.

6

The (probable) separate status of USD Products, however, is not dispositive of Ballard's need for a forensic accountant.  In making his determination, the trial judge overlooked the possibility of a "*Pereira*" community property component in the value of what is otherwise Jones' separate property business.  (*Pereira v. Pereira* (1909) 156 Cal. 1.)  Under *Pereira*, Jones' community efforts over the past five years may have increased the value of his separate business beyond a normal return on investment, hence there might be a community component to its value.  (See *In re Marriage of Koester* (1999) 73 Cal.App.4th 1032, 1034, fn. 2 ["The *Pereira* problem typically arises when one spouse owns a business before marriage and keeps working at it during the marriage. When the couple divorce, the family law court is faced with the task of differentiating any increase in the value of the business resulting from the 'community effort' of the spouse during marriage from the return on his or her separate capital."].)  But ascertaining the existence of any such increase in value from community efforts is going to require a forensic accountant.[1]

Ballard has an additional need for a forensic accountant on the issue of Jones' true income.  That figure seems to be a moving target.  Ballard's initial impression, stated in her moving papers, was that the figure is $744,000 per year.  In his response to Ballard's papers, Jones asserted a gross income of $569,448 per year, or $47,454 gross monthly.  That, after all, is what the couples' tax returns for 2012 showed.  On the other hand, his income and expense declaration only admitted to income of $35,749, or $428,988.

---

[1] Ballard didn't help her case by making gratuitous references in her moving papers to Jones' alleged alcoholism.  Normally, an alcoholism problem on the part of an operator-spouse of a separate business would suggest that any growth in the value of the business was *not* the result of his or her efforts, but because of economic circumstances and previous capitalization independent of that spouse's efforts.  (Cf. *Van Camp v. Van Camp* (1921) 53 Cal.App. 17, 28 ["in the instant case, it is impossible to say what part of the enormous dividends paid by the Van Camp Sea Food Company should be apportioned to the skill and management thereof and what part should be apportioned to the investment of the capital and the favorable conditions under which the business was conducted"].)  That said, we cannot on this record assume that Jones' efforts *necessarily* did not contribute to the growth of his separate business.

On another point, we cannot now say, as a matter of law, that after litigation of the case there will be absolutely no support ordered at all. At least on this record, a step-down order is not beyond possibility. (See Hogoboom et al., Cal. Practice Guide: Family Law (The Rutter Group 2015) ¶ 6:1040, p. 6-376.1 ["Even where open-ended or 'permanent' support is inappropriate after a short marriage, a short period of postjudgment support may be warranted to assist the 'economically disadvantaged' spouse in making an orderly and less traumatic transition to self-supporting status."].)

We are mindful that the trial judge denied the motion for a forensic accountant "without prejudice," reserving the possibility it could be considered at a later date. But we don't think that will suffice. The point of pre-trial attorney fee and cost orders is to insure that the lesser-income spouse has the same opportunity to present his or her case as does the higher-income spouse. At the very least, the trial judge's denial of the forensic accountant request necessitates a needless expenditure of funds awarded for attorney fees to prepare another request for accounting fees, itself made problematic by the rationing of attorney fees to $2,000 a month. As we have discussed, Ballard has a genuine need for a forensic accountant, and that accountant needs to get working right away.

IV. DISPOSITION

We do not dismiss Ballard's premature appeal. Rather, we treat it as a petition for writ of mandate. Treating it as such, we deny the petition to the extent it challenges the trial court's decision to commence the pendente lite spousal support order on April 1 instead of February 14. However, we grant the petition to the extent it seeks to vacate the trial court's outright denial of all costs for a forensic accountant. We direct the trial court to vacate its denial order, and determine a reasonable amount for such costs.

8

The trial court will have discretion, at the conclusion of the litigation, to apportion the costs of this writ proceeding as it, in its reasonable discretion, deems appropriate.


                                                   BEDSWORTH, ACTING P. J.
WE CONCUR:


MOORE, J.


THOMPSON, J.