Filed 1/27/26  Marriage of C.A. and Y.A. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of C.A. and Y.A. | C102171 |
| C.A., <br><br> Respondent, <br><br> v. <br><br> Y.A., <br><br> Appellant. | (Super. Ct. No. 22FL02794) |

Y.A. (husband) appeals from a trial court order in this marital dissolution proceeding rejecting his request to terminate temporary spousal support.  He argues the court did not apply proper legal standards and applicable law or account for the unusual circumstances of this case.  He also argues the Family Code section 4320[1] factors do not

---

[1]  Undesignated statutory references are to the Family Code.

1

justify short-term support. Husband has failed to demonstrate the court abused its discretion in denying his request. Accordingly, we affirm the trial court's July 11, 2024 order.

## I. BACKGROUND

The record on appeal begins with a September 13, 2022 order in which, after a return from mediation, husband was ordered to pay C.A. (wife) $1,058 per month in spousal support. The court's order reflects that the parties had agreed to this amount.

In February 2024, husband filed a request for an order terminating the support order. Husband argued wife's income had significantly increased "including investment income," half the duration of the marriage was over and wife was self-supporting (see § 4320, subd. (*l*)), he has a medical hardship, and the marital standard of living was met without spousal support because he never worked during the marriage.

Wife's written response to husband's request is not in the record on appeal. According to the trial court's order, "Wife argues that support should continue. She claims to be out on disability leave as a result of the stress and trauma of the divorce. She claims that [husband] is earning nearly three times her earnings. With regard to the inheritance, she claims that the funds are in various retirement savings accounts or CD's and that she does not get significant funds through those accounts. She claims that she currently does not have enough income to cover her expenses. Finally, she argues that husband's medical condition is unknown and does not prevent him from working or caring for a four-year-old, so it would be inappropriate to reduce support on that basis."

After a hearing on the issue, the court rejected husband's request in a July 11, 2024 order: "The Court declines to terminate short-term support at this time. The court has considered the Family Code section 4320 factors generally, and believes that it is still appropriate for short-term support to continue at this time. Husband has been paying support for approximately twenty-one months, which is not yet half the length of the marriage. While [husband] argues that the time from separation through now [is] over

2

half the duration of the marriage, [husband] has not been paying spousal support throughout that entire duration. As such, the court declines to terminate spousal support at this time."

Husband filed a timely appeal.

Wife did not file a respondent's brief.

## II. DISCUSSION

### A. *Principles of Appellate Review*

We begin with a summary of applicable appellate rules governing our review.

Where no respondent's brief has been filed, we may decide the appeal on the record, the opening brief, and any oral argument by the appellant. (Cal. Rules of Court, rule 8.220(a)(2), (c).) Husband "still bears the 'affirmative burden to show error whether or not the respondent's brief has been filed,' and we 'examine the record and reverse only if prejudicial error is found.' " (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1078.)

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) The party challenging the judgment has the burden of showing reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Here, as we have indicated, the record of the relevant proceedings is incomplete. In addition to furnishing an adequate record, an appellant must cite to it. We disregard all factual assertions that are not supported by citations to the record. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

These rules of appellate procedure apply to husband even though he is representing himself on appeal. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.)

3

*B.*     *Husband Fails to Demonstrate the Trial Court Abused Its Discretion*

"Temporary spousal support is awarded under section 3600.  It is based on the supported spouse's needs and the other spouse's ability to pay.  [Citation.]  ' "Whereas permanent spousal support 'provide[s] financial assistance, if appropriate, as determined by the financial circumstances of the parties after their dissolution and the division of their community property,' temporary spousal support 'is utilized to maintain the living conditions and standards of the parties in as close to the status quo position as possible pending trial and the division of their assets and obligations.' [Citations.]" [Citation.] The court is not restricted by any set of statutory guidelines in fixing a temporary spousal support amount.' " (*In re Marriage of Samson* (2011) 197 Cal.App.4th 23, 29, fn. omitted.)  Section 3651, subdivision (a), provides that, subject to certain exceptions, "a support order may be modified or terminated at any time as the court determines to be necessary."  Courts generally require a showing of a material change in circumstances to modify a temporary spousal support order.  (*In re Marriage of Freitas* (2012) 209 Cal.App.4th 1059, 1068-1070.)  " '[T]he reason for the change of circumstances rule is to preclude relitigation of the same facts.' " (*Id*. at p. 1068.)  We review the trial court's refusal to modify or terminate a temporary spousal support obligation for abuse of discretion.  (*In re Marriage of Samson, supra*, at p. 29.)

Husband has not demonstrated the trial court abused its discretion.  He argues the parties' incomes changed dramatically and several factors were overlooked by the court, such as his medical expenses and his assertion that his wife could increase her earning capacity on her savings, but each of his allegedly overlooked factors was contested. Likewise, husband ignores wife's arguments pertaining to her own needs and his ability to pay.  In short, his arguments fail because the factors he contends the trial court overlooked were not, as he suggests, uncontested.  Rather, the trial court implicitly concluded that a factual basis for modifying or reducing temporary spousal support had not been proven.  This was not an abuse of discretion.

4

As set forth above, the trial court explained that it considered "section 4320 factors generally, and believes that it is still appropriate for short-term support to continue at this time." Defendant disagrees and asserts that the factors do not justify short-term support. His argument is unavailing. "The factors listed in section 4320 apply to permanent support orders. Of these, the only factors relevant to temporary orders are the supported spouse's needs and the supporting spouse's ability to pay." (*In re Marriage of Samson, supra*, 197 Cal.App.4th at p. 30, fn. omitted.) As we have discussed, both spouse's needs and ability to pay were the subject of dispute. Moreover, husband's analysis of the factors is not supported by citations to evidence in the record. He has failed to demonstrate the trial court abused its discretion in denying his request to terminate temporary spousal support.

### III. DISPOSITION

The court's July 11, 2024 order is affirmed. Because no respondent appeared in this appeal, no party shall recover costs. (Cal. Rules of Court, rule 8.278(a)(5).)


/S/

_____
RENNER, Acting P. J.


We concur:


/S/

_____
BOULWARE EURIE, J.


/S/

_____
FEINBERG, J.

5