Filed 10/7/25  Marriage of Aguina and Kang CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re the Marriage of AGUINA AGUINA and CHOONG-DAE KANG.

AGUINA AGUINA,

      Appellant,

v.

CHOONG-DAE KANG,

      Respondent.

E079976 & E080445

(Super.Ct.No. SWD015783)

OPINION

CONSOLIDATED APPEALS from the Superior Court of Riverside County.

Sean Lafferty, Judge.  Affirmed.

Aguina Aguina, in pro. per., for Appellant.

Choong-Dae Kang, in pro. per., for Respondent.

### INTRODUCTION

In 2008, Aguina Aguina (husband) petitioned to dissolve his marriage to Choong-

Dae Kang (wife).  Since then, the parties have engaged in protracted litigation in the

1

family and civil courts concerning their community assets and liabilities, among other issues. This is our sixth opinion addressing the parties' various appeals.

The current appeal concerns the denial of two motions husband filed in the family court to modify child and spousal support. The first motion, a request for order (RFO) filed in September 2021, sought to increase child support for the two months leading up to the parties' youngest child turning 18. The second motion, an RFO filed in September 2022, sought to retroactively increase child and spousal support going back to July 2011 for child support and February 2012 for spousal support. The family court denied both motions and husband appealed.

Husband contends the court erred in denying his motions. His primary claim on appeal is that under *In re Marriage of Freitas* (2012) 209 Cal.App.4th 1059 (*Freitas*), the family court had jurisdiction to retroactively modify child and spousal support going back to 2011 and 2012 based on the court having reserved jurisdiction in the temporary support order it entered in October 2012. Husband also contends that wife should not have been allowed to participate in the support proceedings at issue because the court entered terminating sanctions against her in November 2016, and that the court erred in concluding he failed to show that modification of child support was warranted for the two months leading up to the parties' youngest child turning 18.

Wife raises multiple procedural challenges to husband's appeal and substantively disputes his claims.

We affirm.

# BACKGROUND

Husband and wife were married in November 1999.  They had two children, S.A., born in March 2002, and R.A., born in November 2003.  In September 2008, husband filed a petition to dissolve the marriage.

A. *The October 2012 Temporary Child and Spousal Support Order*

In October 2012, the family court issued a temporary child and spousal support order that remained in effect for several years (the October 2012 temporary support order).

The order was issued after a hearing where both parties testified.  The court found, based on the testimony and evidence presented, that it was "clear … both parties [were] enjoying an upper middle-class to upper class life style."  However, the court did "not believe that either party [was] being altogether candid … as to their sources of income." The court continued the hearing "in hopes of receiving more information from the forensic [accounting] expert" and reserved jurisdiction to modify the support order "so that [the] numbers can be adjusted retroactively."  Based on the parties' monthly expense figures, the court ordered wife to pay husband $535 per month in child support, retroactive to July 15, 2011, and $260 per month in spousal support, retroactive to February 1, 2012.  The order was specifically entered "without prejudice and with the intention of allowing both parties to continue to collect documentation to prove the earnings (or lack thereof) of each party" at which point the court would "retroactively

3

amend [the] order to give each party those benefits under the authority of [*Freitas*, *supra*, 209 Cal.App.4th 1059]."

Thereafter, hearings regarding child and spousal support were continued for the next couple years. The court continued to reserve jurisdiction to modify the support order, as noted at hearings on October 26, 2012, November 6, 2012, August 13, 2013, and May 5, 2014.

B. *The 2015 Trial*

Eventually, a trial date was set for February 6, 2015. The parties agreed the trial would encompass child and spousal support issues, attorney fees, and the division of the parties' community assets and debts.

Husband appeared in court on February 6, 2015, without counsel and requested a continuance, which the court denied.[1] The court gave husband to February 10 to gather his witnesses. On February 10, both parties declined to call any witnesses and submitted on the basis of the court's file. As the court later described, "No testimony was taken, no evidence or exhibits were submitted, and no argument was submitted by either side. The matter was just submitted to the Court."

The court ordered the parties' marriage dissolved effective February 6, 2015. As to the remaining issues, the court ruled: "Since no witnesses were called, no exhibits or evidence presented, the Court has no alternative except to order that all prior orders

---

[1] The court noted husband had filed the petition for dissolution more than six years earlier and had at least three attorneys over the life of the case. The court said: "[I]t's not my fault that a conflict [between husband and his counsel] develops every time we're ready for trial, and so we have to press forward with this case."

4

remain in full force and effect other than the granting of status entered on February 6, 2015."

Husband appealed the entry of the status-only judgment, and this court affirmed.

C. *Husband's June 2015 RFO to Modify Child and Spousal Support*

On June 26, 2015, husband filed a new RFO seeking to modify child and spousal support. Through the RFO, husband sought to increase child support by approximately $3,000 per month (from $535 to $3,445) and to increase spousal support by approximately $6,000 per month (from $260 to $6,614) going back to the 2011 and 2012 dates to which the court had reserved jurisdiction in the October 2012 temporary support order.

The court denied the request because there had not been a change of circumstances to warrant a modification of the support order. Husband did not appeal.

D. *The November 2016 Terminating Sanctions Against Wife*

The parties again proceeded toward a trial, until November 4, 2016, when the court ordered the trial off calendar and granted husband's request to sanction wife for failing to comply with discovery.

This was the second time the court sanctioned wife for failing to comply with discovery. In August 2013, the court ordered wife to pay $10,000 in sanctions and prohibited her from presenting evidence related to the companies USA Limited, Go Beyond, Authentic Way, and Deep Sea Water.

At the hearing on November 4, 2016, husband's counsel directed the court to four additional foreign companies referenced in wife's 2015 tax return that wife had not disclosed, and of which she was the sole shareholder—One Direction, Live Bridge Inc., Astoria Enterprises Limited, and Sweet Smile Holdings Limited.  The court found that wife's failure to disclose her "interest in any of these corporations in any documents that she has ever filed with this Court … [is] a clear, clear violation of all of the rules, and there's just no justification for it that [the court] can see."  The court stated, "she has been hiding the ball.  It's that simple."  The court was "not suggesting that [husband] has necessarily clean hands in this case," but it was clear to the court "that [wife] continues to not be up front … with regard to what's going on here."  The court concluded, "[g]iven the history of the case, I am going to order sanctions.  I am going to order her response, that's never been filed, by the way, stricken, and I am going to allow [husband] to proceed by way of default."

E.  *Husband's November 2016 RFO to set an Uncontested Matter and December 2016 RFO to Modify Child and Spousal Support*

After the court issued its sanction order, husband filed two motions—the first, an RFO filed on November 30, 2016, requested to set an uncontested matter.  The second, an RFO filed on December 1, 2016, requested to modify child and spousal support.  In response to husband's RFO to modify child and spousal support, wife requested the court set spousal support at zero and terminate jurisdiction over spousal support because she

had been paying spousal support for more than half of the duration of the parties' short term marriage.

The court held a hearing on the motions in April 2017. As to the November 2016 RFO to set an uncontested matter, the court ordered husband to file his final declaration of disclosure and a list of community and separate property assets, and to prepare a judgment before the next court date, which was scheduled for June 14, 2017. As to the December 2016 RFO to modify child and spousal support, the court set a short cause trial for August 23, 2017. In the meantime, the court set spousal support at zero, effective April 1, 2017.

Husband responded to the orders by seeking to disqualify the trial judge under Code of Civil Procedure sections 170.1 and 170.3. Husband's disqualification motion was denied, and husband filed a writ petition in this court challenging the denial. Due to the pending writ petition, the hearing on husband's November 2016 RFO to set an uncontested matter was taken off calendar. This court later denied husband's writ petition.

F. *The 2017 Trial*

On August 22, 2017, the parties proceeded to trial on husband's December 2016 RFO to modify child and spousal support.

On the first day of trial, husband argued that wife should not be permitted to testify or present evidence based on the November 2016 terminating sanctions. The court responded that it "did issue termination sanctions with regard to trying the issues of

7

division of assets, division of debts. At one time, the matter was on calendar for [the court] to hear that. [But husband] took that matter off calendar." The court stated it was "not sure that the sanctions necessarily applied to … later hearings with regard to child and spousal support." Wife's counsel argued they did not. She asserted the terminating sanctions concerned the division of property in the divorce, which remains unresolved. The court agreed and stated, "Just because I issued those terminating sanctions doesn't mean that [wife] is forever precluded from putting on evidence in future motions, and this is a motion that was filed December 1st after my terminating sanctions." The court ruled that it would allow wife to testify.

Trial was then held over the course of eight days between August 2017 and August 2018. On the eighth day of trial, the court vacated all pending trial dates. The parties continued to litigate other matters, including a companion matter that husband filed in May 2018 related to child custody and visitation. However, after a year of continuances on the custody matter, the court eventually took it off calendar on its own motion.

G. *Husband Declares Bankruptcy*

Husband filed for bankruptcy on September 5, 2017. The amended schedules he filed in the bankruptcy court in May 2018 stated that he had a pending claim against wife for $860,270 in retroactive child and spousal support. In June 2018, the bankruptcy trustee abandoned husband's interest in the retroactive support, and the bankruptcy court

8

approved the abandonment. In May 2021, wife entered into a settlement agreement with the bankruptcy trustee.

H. *Husband's February 2020 RFO to set an Uncontested Matter and Wife's July 2020 RFO to Restore the Parties' 2017 Trial*

On February 24, 2020, husband filed another RFO to set an uncontested matter, and on July 2, 2020, wife filed an RFO to restore the parties' 2017 trial and to offset the child support arrears owed by husband. The court held a hearing on these and other motions on July 22, 2020.

The court took husband's RFO to set an uncontested matter off calendar because neither party had filed a final declaration of disclosure, and the court was unable to proceed to judgment without it. The court ordered the parties to file their final declarations of disclosure within 30 days and told husband he could file a new request to set an uncontested matter. However, the court "want[ed] the record to be clear" that notwithstanding the prior sanctions it imposed, "[wife] still has the right to participate in such issues as spousal support orders under [Family Code section] 4320 and child support modifications."

The court denied wife's RFO to restore the 2017 trial. The court stated there was nothing to restore because it had previously dismissed all pending RFO's. Additionally,

at wife's request, the court ordered the minute order to reflect that husband owed $9,626 in child support arrears.[2]

Husband's motions to reconsider these orders were denied.

I. *The Matter is Reassigned*

In January 2021, the matter was assigned to a different judge.[3]

J. *Husband's September 2021 RFO to Modify Child Support*

On September 27, 2021, husband filed the first of two motions that are at issue in this appeal (the September 2021 RFO). Through the September 2021 RFO, husband sought to modify child support based on the changed circumstance that he now has the children full time.

The court held a hearing on the RFO on March 1, 2022. Husband (through his counsel) requested to increase child support for the period of time between September 27, 2021, when the RFO was filed, and November 4, 2021, when the parties' youngest child turned 18. Husband argued that due to the court's November 2016 terminating sanctions, wife was not permitted to present evidence of her income. Wife (through her counsel) responded that husband's argument had previously been rejected by Judge Warren who

---

**[2]** The arrears stemmed from the period of time between June 2009 and May 2010, when the parties' had stipulated husband would pay wife $425 in child support per month.

**[3]** The matter had previously been assigned for all purposes to Judge James T. Warren, a retired judge who was sitting by assignment. (Cal. Const, art. VI § 6, subd. (e).) In January 2021, Judge Sean Lafferty took over Judge Warren's calendar.

ruled the 2016 terminating sanctions did not apply to later motions to modify child and spousal support.

The court took the matter under submission to review Judge Warren's use of "terminating sanctions and what that means thereafter."

K. *The March 25, 2022 Ruling*

On March 25, 2022, the court issued a written ruling that stated in allowing husband to '"proceed by default,"' Judge Warren had issued what was "effectively a terminating sanction." However, the court noted that terminating sanctions are not authorized under Family Code section 2107, subdivision (b), and that "Judge Warren permitted [wife] to testify regarding a property matter" at the trial in 2017. Thus, the court concluded, that "while Judge Warren's order was phrased as 'terminating,' his subsequent rulings reflected his understanding that the sanctions imposed did not preclude [wife] from participating in future hearings regarding support." The court ruled it would "follow the direction of Judge Warren and maintain the same position: the sanctions issued were ineffective in 'terminating' the entirety of the matter, per [Family Code s]ection 2107, [subdivision] (b), and [wife] is not precluded from participating in and presenting or objecting to evidence on the instant matter concerning child support."

The court further ruled it would assess husband's request for a modification of child support based on the parties' current income, rather than wife's income from 2012, as husband had requested. The court ordered both parties to file updated income and

11

expense declarations before the next hearing. That hearing was later continued a couple times and eventually set for September 14, 2022.

L. *Husband's September 2022 RFO to Modify Child and Spousal Support*

On September 1, 2022, husband, who was once again representing himself, filed the second motion at issue in this appeal (the September 2022 RFO). Through the September 2022 RFO, husband sought to retroactively modify child and spousal support going back to the dates Judge Warren had reserved jurisdiction in the October 2012 temporary support order. Specifically, husband sought to increase spousal support to $6,614 per month going back to February 1, 2012, and to increase child support to $3,445 per month going back to July 15, 2011.

Wife filed a responsive declaration on September 12, 2022, addressing the spousal support aspect of husband's RFO. Wife argued that she had satisfied her obligation of paying spousal support, as reflected by Judge Warren setting spousal support at zero in April 2017. Wife requested the court terminate jurisdiction over spousal support and sanction husband $15,000 under Family Code section 271 for filing a frivolous motion.

M. *The Hearings on September 14 and November 29, 2022*

At the hearing on September 14, 2022, wife further argued that the only aspect of husband's September 2022 RFO the court had jurisdiction to address was the request to modify child support for the two-month period before their youngest child turned 18, which was already being addressed through the September 2021 RFO. The rest of the September 2022 RFO was husband attempting to relitigate issues that had already been

12

decided. Husband disagreed and asserted the court had jurisdiction to retroactively modify child and spousal support going back to 2011 and 2012 based on Judge Warren's reservation of jurisdiction in the October 2012 temporary support order.

The court took the September 2022 RFO under submission. The court noted this was "a very challenging situation to try and understand," and said it would further review the minutes and issue a written decision.

The court then allowed husband to present evidence on the two months of child support at issue in the September 2021 RFO.

Husband was unsure of how to proceed, so the court started by asking him clarifying questions about his income and expense declarations. Husband had declared on his most recent income and expense declaration that he had a monthly income of $749 from social security retirement, and that his assets included $285 in cash and $8.7 million in real and personal property. He declared his monthly expenses were $3,650, and that he had $383,000 in unpaid personal loans. When questioned by the court, husband clarified that the $8.7 million in assets included his own separate property and community property that he shared with wife. He also stated that his youngest son lived with him 100 percent of the time during the two months in question.

Husband then called wife as a witness. Wife had declared on her most recent income and expense declaration that she had a monthly income of $775, rental property income of $1,100, and that her assets included $8,000 in cash. She listed the value of her real and personal property as unknown. She declared her expenses were $3,720, and she

13

identified additional debts of $22,200 in student loans, $35,300 in credit card debt, $90,000 in personal loans, and a judgment of $250,000.

Wife testified that her income came from the company Lybridge, which was a foreign family trust held for the benefit of herself and her two siblings. She explained that Lybridge previously had a rental property business, but now the company does "nothing" and has a value of "probably zero." Her monthly income is due to COVID relief funds. Wife further testified that she owes her attorney $80,000, owes $250,000 on a judgment in Japan, and owes $90,000 on a personal loan from her brother. Wife also testified that she owns two homes in Florida, one worth around $260,000 and one worth around $185,000. Wife previously owned a home in California, which she recently sold and used the money to pay off a $250,000 line of credit.

The court asked wife several clarifying questions about her properties and then stated, "I'm having some of the same concerns that I think I [have] seen Judge Warren express at other times. I'm very confused about the transaction history of these purchases, what funds were used, how those funds were obtained. And none of this may actually [bear] on October or November of 2021, but I'm trying to get an understanding of the assets that [wife] may have. And I'm—I don't think any closer to understanding that accurately." The court then continued the hearing to November 29, 2022.

On November 29, 2022, husband declined to ask wife any further questions and submitted on the pleadings and the evidence before the court. Husband argued that wife had not provided him with the information he needed to establish her income, and it

would be futile to continue with the hearing. In light of husband's request to submit, wife also agreed to submit. Wife further requested that the court declare husband a vexatious litigant and make the child support orders with prejudice to prevent further filings. The court took the matter under submission.

N. *The Rulings on Husband's September 2021 and 2022 RFO's*

The court issued written rulings on September 29 and December 15, 2022, denying husband's motions to modify child and spousal support.

1. *The September 29, 2022 Ruling*

In the September 29, 2022 ruling, the court denied, with prejudice, husband's request to retroactively modify spousal support going back to 2012. The court found that any remedy husband may have had with regard to retroactively modifying the spousal support order was now time-barred. The court found that husband's "previous and numerous motions for reconsideration and motion[s] to set aside the spousal support orders were denied several times … [and husband] did not appeal any of those decisions adverse to him." The court also found that a reservation of jurisdiction under *Freitas*, *supra*, 209 Cal.App.4th 1059 "comes with the requirement that the court set an expiration or consideration date to resolve the reserved upon issues [and] that time has passed, several times over, in this matter."

The court also denied wife's request to terminate spousal support because doing so would require consideration of the factors under Family Code section 4320, and there had not been a request for the court to consider those factors.

2. *The December 15, 2022 Ruling*

In the December 15, 2022 ruling, the court denied, with prejudice, husband's request to modify child support "for the two months in which modification would have been eligible."

The court considered wife's testimony and the income and expense declarations filed by both parties, and found the evidence was insufficient to justify modification of the child support order. The court stated it was "truly unable to discern what the accurate income and expenses of either party are based on the limited evidence presented, and as this is [husband's] burden to prove the same, he has not done so." The court denied husband's request to modify child support with prejudice "as both children have reached majority and [wife] has otherwise fulfilled her support obligations."

The court also denied, without prejudice, wife's request for sanctions under Family Code section 271, and wife's request to declare husband a vexatious litigant.

O. *Husband's Notices of Appeal*

Husband timely filed two notices of appeal, one following the September 29, 2022 ruling, and one following the December 15, 2022 ruling. On January 17, 2023, we issued an order consolidating the two appeals.

**DISCUSSION**

Husband's primary claim on appeal is that the trial court erred in denying his September 2022 RFO to retroactively modify child and spousal support going back to July 2011 for child support and February 2012 for spousal support. He also contends that

16

wife should not have been allowed to participate in the support hearings at issue based on the November 2016 terminating sanctions, and that the court erred in concluding he failed to meet his burden of proof on the September 2021 RFO to modify child support for the two months leading up to the parties' youngest child turning 18.

Wife disputes husband's claims and raises three challenges to the appeal. We start by addressing wife's challenges.

## A. *Wife's Challenges to the Appeal*

### 1. *Appealability*

First, wife questions whether the orders husband challenges are appealable orders. Husband is challenging the denial of his September 2021 and September 2022 motions to modify the October 2012 temporary child and spousal support order.

The denial of a motion to modify a temporary child or spousal support order is an appealable order. (Civ. Code, § 904.1, subd. (a)(1); Fam. Code, § 3554; *In re Marriage of Campbell* (2006) 136 Cal.App.4th 502, 505–506.) We therefore reject wife's suggestion that the challenged orders are not appealable.

### 2. *Adequacy of the Record*

Next, wife contends that husband failed to provide an adequate record. Wife states husband did not provide a reporter's transcript of the November 19, 2022 hearing, which she incorrectly asserts was the basis for the court's December 2022 order that husband challenges on appeal. We have reviewed the register of actions and no hearing was held on November 19, 2022. The hearings that formed the basis for the court's

17

December 2022 order were held on September 14 and November 29, 2022. Both of those hearings are included in the reporter's transcript.

### 3. *Effect of the Bankruptcy Proceeding*

Lastly, wife contends that the bankruptcy proceeding barred husband's claim for retroactive child and spousal support. Wife's argument is two-part. First, she contends that in filing for bankruptcy, all of husband's legal and equitable interests became the property of the bankruptcy estate—including the pending claim for $860,270 in retroactive child and spousal support that husband listed on the amended schedules he filed in the bankruptcy court on May 30, 2018. Second, she contends that the settlement agreement she entered into with the bankruptcy trustee on May 27, 2021, which was later approved by the bankruptcy court, extinguished husband's pending claim for retroactive support, and as a result, the family court no longer had the authority to award husband any retroactive support.

Husband counters that his interest in retroactive child and spousal support was abandoned back to him by the trustee, which allows him to pursue the retroactive support. Husband cites the order entered by the bankruptcy court on June 27, 2018, approving the abandonment. That order provides: "The estate's right, title and interest in the claims made by the Debtor for retroactive support payments to be paid to him by his ex-wife pending in the family court in the Superior Court for the County of Riverside, Case No.

18

SWD015783 listed by the Debtor on his amended Schedule B filed on May 30, 2018 are hereby abandoned back to the Debtor pursuant to 11 U.S.C. §554."**4**

"As a general matter, upon the filing of a petition for bankruptcy, 'all legal or equitable interests of the debtor in property' become the property of the bankruptcy estate and will be distributed to the debtor's creditors." (*Rousey v. Jacoway* (2005) 544 U.S. 320, 325; 11 U.S.C. § 541(a)(1).)  The debtor's property remains part of the bankruptcy estate until it is administered, abandoned, or the bankruptcy court orders otherwise. (11 U.S.C. § 554(d); *Martin v. Gladstone* (2023) 96 Cal.App.5th 681, 690 (*Martin*).)

Property that has been abandoned is no longer part of the bankruptcy estate.  Once abandoned, "'[o]wnership and control of the asset is *reinstated* in the debtor with all rights and obligations as before filing a petition in bankruptcy.'"  (*Martin*, *supra*, Cal.App.5th at p. 691.)  This rule applies to the debtor's interest in pending legal claims. "'An outstanding legal claim that is abandoned by the trustee reverts back to the original

---

**4** In conjunction with their briefing, both parties filed requests for judicial notice. Wife requests we take judicial notice of the amended schedules husband filed in the bankruptcy court on May 30, 2018.  Husband requests we take judicial notice of the bankruptcy court's June 27, 2018 order approving the abandonment of his claim for retroactive child and spousal support.

Most of the bankruptcy court documents the parties cite in their briefing were included in the record, with the exception of the amended schedules husband filed on May 30, 2018.  Husband referenced the May 30, 2018 amended schedules in declarations he filed below, but the schedules themselves were not included in the record.  We therefore grant wife's request to take judicial notice of the amended schedules husband filed in the bankruptcy court on May 30, 2018.  (Evid. Code, §§ 452, subd. (d), 459.)  We deny husband's request to take judicial notice of the bankruptcy court's June 27, 2018 order as unnecessary because the order is already included in the record.

19

debtor-plaintiff.'" (*M & M Foods, Inc. v. Pacific American Fish Co., Inc.* (2011) 196 Cal.App.4th 554, 563.)

Here, husband identified a pending legal claim of $860,270 in retroactive child and spousal support on the amended schedules he filed in May 2018. In June 2018, the bankruptcy court issued an order abandoning that claim back to husband. The settlement agreement that wife later entered into with the bankruptcy trustee specifically excluded the abandoned assets. We therefore reject wife's claim that the bankruptcy proceeding barred husband's claim for retroactive child and spousal support.

B. *Husband's Claims*

Next, we address husband's claims that the court erred in denying his motions to modify child and spousal support.

We review the denial of a motion to modify child or spousal support for abuse of discretion. (*Plumas County Dept. of Child Support Services v. Rodriquez* (2008) 161 Cal.App.4th 1021, 1026 [child support]; *In re Marriage of Tydlaska* (2003) 114 Cal.App.4th 572, 575 [spousal support].) "When conducting an abuse of discretion review, appellate courts consider (1) whether the trial court's factual findings are supported by substantial evidence, (2) whether the trial court followed applicable legal principles, and (3) whether the trial court reasonably exercised its discretionary authority—that is, whether any judge reasonably could have made such an order." (*In re Marriage of Hein* (2020) 52 Cal.App.5th 519, 529.)

1. *Denial of the September 2022 RFO*

We start with the denial of husband's September 2022 RFO which sought to retroactively modify child and spousal support going back to July 15, 2011, for child support and February 1, 2012, for spousal support.

Pending resolution of a dissolution of marriage proceeding, the family court may issue temporary child and spousal support orders, also referred to as pendente lite support. (Fam. Code, § 3600; *In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 637 (*Gruen*).) "'There are fundamental differences in the functions and purposes of pendente lite support and permanent support orders.'" (*Gruen*, *supra*, at p. 637; *In re Marriage of McNaughton* (1983) 145 Cal.App.3d 845, 849.) A pendente lite or temporary support order "'is usually obtained soon after the filing of the petition and before any final determination on the various issues in the dissolution. Its purpose is to maintain the living conditions and standards of the parties [and their children] as closely as possible to the status quo, pending trial and the division of the assets and obligations of the parties.'" (*Gruen*, *supra*, at p. 637; *In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1038.)

A temporary support order is operative from the time of pronouncement and is directly appealable as a final order under the collateral order doctrine. (*Gruen*, *supra*, 191 Cal.App.4th at pp. 637–638; *Last v. Superior Court* (2023) 94 Cal.App.5th 30, 43–44.) It may later "be modified or terminated at any time except as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate." (Fam. Code, § 3603.) "The filing date, in other words, establishes

21

the outermost limit of retroactivity." (*In re Marriage of Murray* (2002) 101 Cal.App.4th 581, 595, overruled on other grounds in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.)  An exception to this rule is when the family court expressly reserves jurisdiction to modify the order upon the presentation of further evidence.  (*Freitas*, *supra*, 209 Cal.App.4th at pp. 1074–1075.)  Reserving jurisdiction will render a temporary support order nonfinal and allow the court to later modify it.  (*Ibid.*; *Last v. Superior Court*, *supra*, at p. 44.)

"Distilled simply" the general rule in this context is "that a trial court lacks jurisdiction to retroactively modify a temporary support order to any date earlier than the date on which a proper pleading seeking modification of such order is filed [citation], unless the trial court expressly reserves jurisdiction to amend the support order such that the parties' clear expectation is the original support award is not final." (*In re Marriage of Spector* (2018) 24 Cal.App.5th 201, 210.)

Two of the primary cases addressing the court's authority to retroactively modify a temporary support order are *Gruen*, *supra*, 191 Cal.App.4th 627, and *Freitas*, *supra*, 209 Cal.App.4th 1059.

*Gruen* sets forth the general rule that a temporary support order is immediately operative and directly appealable, and that the trial court exceeds its jurisdiction by retroactively modifying it.  (*Gruen*, *supra*, 191 Cal.App.4th at p. 639.)  In *Gruen*, the trial court entered a temporary spousal support order "'on an interim, without prejudice basis, pending the next hearing.'" (*Id*. at p. 633.)  Then at the next hearing, the court took the

matter off calendar at the husband's request because the financial expert's report had not yet been prepared. (*Ibid*.) Months later, the husband filed a motion to reduce spousal support going back to the date the court entered the temporary support order. (*Id*. at pp. 633–634.) The trial court granted the motion, and the appellate court reversed. (*Id*. at pp. 635–636, 641–642.) *Gruen* rejected the view that the trial court "always retain[s] jurisdiction to retroactively modify a temporary order" (*id*. at p. 639), and emphasized that "'it would be improper to artificially prolong an original support hearing to get around the limits on retroactivity.'" (*Id*. at p. 641.)

*Freitas* distinguished *Gruen* and established the exception that a trial court may retroactively modify a temporary support order when the court has expressly reserved jurisdiction to do so and the initial request the party filed for the support order is still pending before the court. (*Freitas*, *supra*, 209 Cal.App.4th at pp. 1074–1075.)

In *Freitas*, the trial court entered a temporary child and spousal support order and expressly reserved jurisdiction to modify the order to allow the husband to present evidence that the wife had misrepresented her income. (*Freitas*, *supra*, 209 Cal.App.4th at p. 1063.) The court gave the husband a set date by which he was required to present his evidence. (*Ibid*.) Then later, before the husband had the opportunity to present his evidence, the court ruled that under *Gruen*, *supra*, 191 Cal.App.4th 627, it lacked jurisdiction "to 'go back' and reassess [the wife's] income." (*Freitas*, at p. 1065.) The trial court's understanding of *Gruen* was "'that once an order is entered, you cannot modify it or do any retroactive modification.'" (*Freitas*, at p. 1064.) The husband

23

appealed, and the appellate court reversed, distinguishing *Gruen* in two respects. First, unlike *Gruen*, the trial court had expressly reserved jurisdiction to amend the support order based on the further presentation of evidence, and second, the husband never took his request for a support order off calendar. (*Freitas*, at pp. 1074–1075.) Thus, *Freitas* concluded that the trial court continued to have jurisdiction to render a final order on the husband's request for child and spousal support. (*Id*. at p. 1075.)

Citing *Freitas*, *supra*, 209 Cal.App.4th 1059 husband contends that because the trial court expressly reserved jurisdiction to retroactively modify the October 2012 temporary support order upon the presentation of further evidence, and he never took his original requests for child and spousal support off calendar, the trial court still had jurisdiction 10 years later to render a final order on his original support requests going back to July 2011 and February 2012.

We reject husband's argument. The trial court did expressly reserve jurisdiction under *Frietas*, *supra*, 209 Cal.App.4th 1059 to retroactively modify the October 2012 temporary support order, but there is no indication in the record that husband's initial support requests remained pending after the February 2015 trial.

The trial court entered the October 2012 temporary support order "with the intention of allowing both parties to continue to collect documentation to prove the earnings (or lack thereof) of each party" at which point the court would "retroactively amend [the] order" going back to July 15, 2011, for child support and February 1, 2012, for spousal support. Thereafter, the court continued to expressly reserve jurisdiction to

24

modify the support order over the course of the next couple years, until eventually a trial date was set for February 2015. The parties had the opportunity to present evidence on child and spousal support at the trial, but neither party did so. Both parties simply submitted.

Neither the minutes, nor the ruling the court issued after the February 2015 trial, reflect that the court continued husband's original support requests beyond the trial. Nor are there any instances in the record of the court further reserving jurisdiction to retroactively amend the support order beyond the February 2015 trial.[5] Then in June 2015, husband filed a new motion seeking to modify child and spousal support. The court denied the motion because there had not been a change of circumstances to warrant modification of the support order, and husband did not appeal.

The only reasonable inference that can be drawn from this record is that the amounts of child and spousal support set by the court in the October 2012 temporary support order became final after the February 2015 trial when both parties submitted on child and spousal support without presenting any additional evidence to warrant modifying the support order. This does not mean that the trial court was unable to subsequently modify the October 2012 temporary support order—as husband correctly points out, temporary support orders remain subject to modification during the pendency of the proceedings. (Fam. Code, § 3603.) It simply means that all of the motions husband filed to modify child and spousal support after the February 2015 trial, including

_____

[5] The last time the court reserved jurisdiction to retroactively modify child and spousal support was at a mandatory settlement conference on May 5, 2014.

25

the motions at issue in this appeal, were subject to the general rule of Family Code section 3603, which only allows the trial court to retroactively modify a prior temporary support order going back to the date the motion was filed. As stated by the court in *Gruen*, "'it would be improper to artificially prolong an original support hearing to get around the limits on retroactivity.'" (*Gruen*, *supra*, 191 Cal.App.4th at p. 641.)

We therefore conclude that the trial court properly denied husband's September 2022 RFO.

2. *Effect of the Terminating Sanctions*

Next, we address husband's claim that wife should not have been permitted to participate in the support hearings at issue based on the trial court's imposition of terminating sanctions in November 2016.

At the hearing on November 4, 2016, Judge Warren granted husband's request for terminating sanctions. The court stated that based on wife's failure to disclose her interest in at least four foreign companies and "[g]iven the history of the case, I am going to order sanctions. I am going to order her response, that's never been filed, by the way, stricken, and I am going to allow [husband] to proceed by way of default." Judge Warren later clarified on two separate occasions that the sanction order did not apply to subsequently filed motions to modify child and spousal support. Judge Lafferty took the same position and allowed wife to participate in the support proceedings at issue in this appeal.

26

The family court may impose terminating sanctions against a party for engaging in misuse of the discovery process.  (Code Civ. Proc., § 2023.030, subd. (d); *In re Marriage of Eustice* (2015) 242 Cal.App.4th 1291, 1308–1309; see Fam. Code, § 210.) Terminating sanctions can include:  (1) striking the pleadings of the offending party, (2) staying further proceedings by that party until an order for discovery is obeyed, (3) dismissing the action or any part of the action, or (4) rendering a default judgment. (Code Civ. Proc., § 2023.030, subd. (d).)

As a general rule, the entry of default in a dissolution proceeding "precludes the respondent spouse from contesting the judgment or obtaining any effective relief until the default is set aside."  (*In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1037 (*Askmo*).)  However, even when a default has been entered, the respondent spouse may still participate in proceedings related to temporary support orders.  (*Id*. at pp. 1037–1039.)  The reason for this is because there is an "'essential difference'" between a temporary support order entered under Family Code section 3600 and final orders entered as part of the judgment.  (*Askmo*, *supra*, at p. 1038.)  A temporary support order "made pursuant to section 3600 is 'not an order made after or in conjunction with the determination of the [dissolution] action on its merits."  (*Ibid*.)  "The order is based on need and is not an adjudication of any of the issues in the litigation."  (*Ibid*.)  Thus, in *Askmo*, the court allowed the wife to obtain temporary support orders against the husband, even though a default had been entered against her.  (*Id*. at pp. 1036–1039.)

Applying *Askmo*, *supra*, 85 Cal.App.4th 1032 we conclude the trial court did not err in allowing wife to participate in the support proceedings at issue here. The proceedings involved the modification of a temporary support order, which was not a final adjudication of any issues in the litigation, and Judge Warren had made it clear on two separate occasions that his sanction order only applied to the division of the parties assets and debts, not subsequently filed motions to modify child and spousal support.

3. *Denial of the September 2021 RFO*

Lastly, we address the denial of husband's September 2021 RFO, which sought to modify child support for approximately two months, from the time the motion was filed, to the time the parties' youngest child turned 18. Husband contends the court erred in concluding he failed to meet his burden of proof on the motion. We disagree.

A temporary child support order entered under Family Code section 3600 will remain in place until the order is modified or terminated by the court, or terminates by operation of law. (Fam. Code, §§ 3601, 3603.)

The trial court may modify a temporary child support order when there has been a material change of circumstances. (*In re Marriage of Stanton* (2010) 190 Cal.App.4th 547, 553.) The party requesting to modify the support order bears the burden of showing that circumstances have changed, and that modification of the support order is warranted. (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1054.) Modification of a support order is "limited to the conditions and circumstances existing at the time the order is made." (*In re Marriage of Tydlaska*, *supra*, 114 Cal.App.4th at p. 576.) Thus, the

28

moving party cannot rely on outdated financial information. "[T]he court hearing the matter must have 'current' information." (*Ibid*., italics omitted; accord *In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 298, superseded by statute on other grounds as stated in *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1049.) "'Current'" in this context means the parties' income and expense declarations were completed within the past three months, provided no information has changed. (Cal. Rules of Court, rule 5.260(a)(3).) The trial court properly denies a request to modify a support order when the moving party "fail[s] to present an 'evidentiary yardstick'" from which the court can determine the appropriateness of a modification order. (*In re Marriage of Tydlaska*, at p. 576.)

Here, in assessing whether to modify child support for the two months at issue, the court considered the income and expense declarations filed by the parties and the evidence husband presented at the hearing. Based on that information, the court concluded it could not accurately determine the income and expenses of either party. Thus, the court found that husband failed to meet his burden of establishing a modification was warranted.

We cannot conclude on this record that the court abused its discretion. As the moving party, husband had the burden of showing that circumstances had changed, and modification of the child support order was warranted. (*In re Marriage of Cryer*, *supra*, 198 Cal.App.4th at p. 1054.) Yet rather than presenting the evidence needed to give the court a clear understanding of the parties' current circumstances, husband appeared on

29

the second day of the hearing, waived any further questioning of wife, and submitted the matter for decision.  This left the court "truly unable to discern … the accurate income and expenses of either party."

Husband contends that wife did not provide him with the information he needed to establish her current income, but husband does not address what steps, if any, he took to obtain information about wife's current income ahead of the hearing.[6]  To the extent husband contended that wife had more income than she claimed on her income and expense declaration, it was his burden as the moving party to establish this.  He could have requested discovery of wife's most recent tax return (Fam. Code, § 3552) or continued questioning wife on the second day of the hearing to show that she had more income than she was letting on.  But husband did not do this.  Instead, he simply submitted, leaving the trial court unable to determine whether modification of the support order was warranted.

We therefore conclude that the trial court properly denied husband's September 2021 RFO.  (See *People v. Stuyvesant Ins. Co.* (1971) 18 Cal.App.3d 411, 414 ["the court act[s] correctly in denying relief" when the moving party submits a motion without presenting the evidence needed to establish their entitlement to relief].)

---

[6] We note that husband had known for at least six months leading up to the hearing (based on the court's March 25, 2022 order) that the court would be assessing his motion to modify child support on the parties' current income.

## DISPOSITION

The court's orders of September 29 and December 15, 2022, denying husband's requests to modify child and spousal support are affirmed. Each party to bear their own costs for this appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                        P. J.

We concur:

MILLER
                    J.
FIELDS
                    J.