Filed 4/2/26  Marriage of Alaoui and Ismaili CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of MODAR ALAOUI and ZEINAB ISMAILI. | H052801 (Santa Clara County Super. Ct. No. 21FL004514) |
| MODAR ALAOUI, Appellant, v. ZEINAB ISMAILI, Respondent; SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, Respondent. | |

In this marital dissolution proceeding, Modar Alaoui appeals from the trial court's denial of his request to modify his child and spousal support obligations.  He argues that the trial court abused its discretion by reinstating a prior order without performing a guideline child support calculation.  He also argues that there was no substantial evidence to support the trial court's ruling because it disregarded the evidence he presented.  Respondents Zeinab Ismaili and the Santa Clara County Department of Child Support Services (DCSS) have not filed a respondent's brief.  Accordingly, we resolve the appeal

based solely on Alaoui's opening brief and the record he provided (Cal. Rules of Court, rule 8.220(a)(2)), but for the reasons stated below, we affirm.[1]

## I.    BACKGROUND

### A.    The Parties

Alaoui and Ismaili married in 2016 and separated in 2021.  They share joint legal and physical custody of two minor children, ages seven and eight.  Alaoui filed his petition for dissolution of marriage in December 2021, and Ismaili filed a response shortly thereafter.  Both parties have been represented by counsel throughout the proceedings in the trial court.

At the start of this case, Alaoui was self-employed through Eyeris Technologies, Inc., of which he was the president and majority shareholder.  He claimed he was an independent contractor of the company, receiving a flat fee of $200,000 per year and reporting a monthly net income of $5,795 after deducting business expenses.  Ismaili worked in sales at a retail store and reported monthly wages of $3,420.

### B.    The 2022 Support Order

In February 2022, Ismaili filed an ex parte application for child and spousal support and other financial relief, alleging that Alaoui had abruptly stopped providing support in December 2021 and had failed to pay rent on the family residence, resulting in a three-day notice from the landlord to vacate.  Ismaili submitted bank records showing deposits averaging $22,226 per month that she claimed represented the monthly draws Alaoui took from his company to pay their living expenses.  Alaoui responded that he earned only $60,000 a year and lacked the ability to pay any such support.

At a hearing on February 16, 2022, the trial court ordered Alaoui to pay $2,136 per month in guideline child support and $2,466 per month in temporary guideline spousal

---

[1] All future rule references are to the California Rules of Court.

support.[2]  The trial court adopted Ismaili's "DissoMaster" calculation and directed her counsel to prepare the proposed findings and order after hearing, which was ultimately filed several months later on August 3, 2022.[3]  The court based its order on the finding that Alaoui earned $22,226 per month in self-employment income and that Ismaili earned $3,420 per month in wages and salary.

After the February 2022 hearing but before entry of the formal support order, Alaoui requested reconsideration or modification of the order.  The trial court denied the request.

In December 2022, DCSS filed a notice in the trial court to substitute as payee for child support.  Ismaili had opened a case with DCSS, alleging that Alaoui had not paid any portion of the support ordered by the court.  Thereafter, all proceedings relevant to this appeal were heard by the child support commissioner in the superior court.

### C.      *Alaoui's 2023 Request to Modify the 2022 Support Order*

In June 2023, Alaoui filed another request to modify the child and spousal support order, arguing (again) that it was improperly calculated and also adding a new argument that Ismaili had failed to disclose her new employment and wages.  Alaoui claimed that his entire income in 2022 was actually only $10,126, as a result of an unidentified loss of "business income"; in addition, he claimed that $335,000 of the cash deposits he received that year were actually part of a COVID-19 small-business loan.  In spreadsheets prepared by his forensic accountant, Alaoui also attempted to show that his company, Eyeris Technologies, Inc., was "in a negative earnings pattern from 2017 to 2022,"

---

[2] In Santa Clara County, the trial court uses a specified formula to determine temporary spousal support, often referred to as a guideline formula.  (Super. Ct. Santa Clara County, Local Family Rules, rule 3.C & appen. A.3.)

[3] The DissoMaster is a privately developed computer program formerly used by California trial courts to calculate guideline child support under the formula set forth in Family Code section 4055.  (See *In re Marriage of Williams* (2007) 150 Cal.App.4th 1221, 1227, fn. 5.)

reporting gross revenues of $447,671 in 2018, $150,204 in 2019, $373,867 in 2020, $334,218 in 2021, and $240,345 in 2022, but with a net loss each year after the deduction of business expenses, presumably including Alaoui's annual consultant fee of $200,000.

Ismaili opposed the modification request. According to her, Alaoui had failed to provide documents reflecting his income in response to discovery demands. In addition, she argued that Alaoui was not an outside consultant for Eyeris Technologies, Inc. because the company's articles of incorporation and corporate bylaws identified him as the "owner, employee, and operator" of the closely held corporation. She further claimed that the losses reported on Alaoui's personal and business tax returns lacked credibility because he was "essentially double counting business expenses on [his] business and personal tax returns." Ismaili denied concealing any new employment, stating that she had promptly served an updated income and expense declaration on DCSS and Alaoui's then-counsel after obtaining her new job.

The trial court continued the hearing on Alaoui's modification request several times. In December 2023, it issued a "seek work" order against Alaoui.[4] One month earlier, Alaoui had formally dissolved Eyeris Technologies on the ground that the company was insolvent and that its outstanding liabilities made further operations "unsustainable." The trial court therefore ordered Alaoui to search for new employment, including that he "contact at minimum (through in person [sic] applications) 10 employers per week," and "record in a log the name, address, and telephone number of the employer, the name and phone number of a contact person." The seek work order included an advisement that a failure to comply could "result in an imputation of income at the next hearing for purposes of calculating guideline child support."

---

[4] Under Family Code sections 3558 and 4505, a court can order unemployed or underemployed parties in support proceedings to seek employment actively and to document their job search efforts.

### D.    *Further Proceedings on the Same Request to Modify in 2024*

In January 2024, each party filed an income and expense declaration indicating that both sides were now unemployed.  At a hearing on January 24, 2024, the parties stipulated that "child and temporary spousal support payable by either party to the other [be] set at zero," effective July 1, 2023.  The court approved the "parties' stipulation and [found] that the agreement was made freely and voluntarily without any duress and [was] in the best interest of the children."  The court's order also noted that the seek work order against Alaoui remained in effect, ordering Alaoui to provide proof of income from all sources, proof that he applied for unemployment benefits, and work search logs.  The court continued the hearing to April 10, 2024 and reserved its jurisdiction to revisit support retroactively to July 1, 2023.

At the April 10, 2024 hearing, Alaoui again requested that the court set aside or reconsider the 2022 support order.  The court denied his request, and it found that Alaoui had failed to comply with the seek work order.  The court issued another seek work order, this time directed at both Alaoui and Ismaili, and notified the parties that "[f]ailure to comply may result in imputation of full-time minimum wage, prior earnings or expenses at the next hearing."  The parties were ordered to produce documentation of income from all sources and their proposed DissoMaster calculations by July 2024, and to exchange their 2023 tax returns, including all schedules and supporting documentation.  Alaoui was also to provide documentation of his loans.  The court then continued the hearing, again reserving retroactivity to July 1, 2023.  At the next hearing, the matter was set for trial on October 3, 2024.

By the time of trial, Alaoui had submitted two work logs, proof of registration with five employment agencies, and copies of his bank statements showing loans from third parties he received.  His work log included a list of jobs for which he applied through online employment websites, though it included no contact information.  Ismaili also submitted her work logs, proof of enrollment, and documents that she wanted the

5

trial court to consider.  Her documents included (1) an online article purporting to show that Alaoui had accepted "Automotive Tech Company of the Year" and "Automotive Product of the Year" awards on behalf of "Eyeris" in June 2024, as well as (2) an online podcast with Alaoui discussing Eyeris's technology on May 28, 2024.[5]

On October 3, 2024, the trial court found that Alaoui had failed to comply with the seek work orders and discovery orders.  It also found that Alaoui's "testimony with respect to his work search efforts [was] not credible."  The court denied Alaoui's request to modify child support and temporary spousal support, and it reinstated the 2022 support order, retroactive to July 1, 2023.  At the same time, the court also denied Ismaili's request for sanctions against Alaoui.

The court's order after hearing was filed on October 7, 2024, and this was thereafter amended on November 1, 2024 for a clerical error.  Alaoui filed a timely appeal from the October 7, 2024 order and subsequent amendment.

## II.    DISCUSSION

Alaoui argues that the trial court committed reversible error when it reinstated the 2022 support order without providing a new child support calculation using the statewide uniform guideline formula required by Family Code section 4050 et seq.  He further argues that there was insufficient evidence to support the court's imputation of income to him, as well as the court's finding that he failed to comply with the seek work order.

We first address the basic principles of appellate review that require an appellant to furnish an adequate record—something that Alaoui has not done.  We then address whether Alaoui can demonstrate error.

### A.    General Principles of Appellate Review

"[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the

---

[5] It is not clear from the record whether the "Eyeris" entity referred to in these documents is Eyeris Technologies, Inc., which purportedly dissolved in November 2023.

6

record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).) It is the appellant's burden to provide an adequate record on appeal, including a reporter's transcript of the oral proceedings or a "suitable substitute." (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) An inadequate record "will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Jameson*, at p. 608.) In other words, " '[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Id*. at p. 609, fn. omitted.)

In proceedings to modify child or spousal support, a party may request a statement of decision. (Code Civ. Proc., § 632; see also Fam. Code, § 3654 ["At the request of either party, an order modifying, terminating, or setting aside a support order shall include a statement of decision."].) " 'Under the doctrine of "implied findings," when parties waive a statement of decision expressly or by not requesting one in a timely manner, appellate courts reviewing the appealed judgment must presume the trial court made all factual findings necessary to support the judgment for which there is substantial evidence.' [Citations.]" (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1248 [applying doctrine to child support order].) "A party who does not request a statement of decision may not argue the trial court failed to make any finding required to support its decision. [Citation.]" (*Ibid.*)

Here, there is no indication in the record before us that Alaoui requested a statement of decision at any of the child or spousal support hearings. We therefore imply all findings necessary to support the trial court's denial of his modification request and reinstatement of the 2022 support order.

Even if the doctrine of implied findings did not apply, the appellate record here is inadequate to support reversal. Alaoui did not provide a reporter's transcript, or a "suitable substitute," for any of the hearings related to his request for modification.[6] (See rules 8.134 & 8.137.) Although his appendix includes minute orders from some of the hearings, it omits the minute order from the January 24, 2024 hearing at which the parties agreed to set support temporarily at $0, as well as the minute order from the October 3, 2024 trial at which the court denied his modification request. The register of actions included in the appendix reflects that both minute orders were available, yet they were not made part of the appellate record. A record is inadequate where an " 'appellant predicates error only on the part of the record he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed.' [Citation.]" (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

Given the state of the record before us, we do not have any basis for accepting Alaoui's characterization of the trial court's October 7, 2024 order, as amended on November 1, 2024, as having been made without the benefit of "any formula or income calculations." Because Alaoui has the burden of providing an adequate record for review, his failure to do so requires this court to resolve the issues against him. (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

**B.     Standard of Review**

Even if we were to consider the merits of Alaoui's arguments, we would conclude that he cannot meet his burden of demonstrating error.

---

[6] Alaoui requested reporter's transcripts for the relevant hearings in his notice designating the record on appeal. The clerk of the trial court thereafter advised that no court reporter was present on the requested dates. Alaoui did not subsequently seek to augment the record with any suitable substitute. (See rule 8.155).)

We review the denial of a motion to modify child or spousal support for abuse of discretion. (*In re Marriage of Hein* (2020) 52 Cal.App.5th 519, 529 [child support]; *In re Marriage of Tydlaska* (2003) 114 Cal.App.4th 572, 575 [spousal support].) "When conducting an abuse of discretion review, appellate courts consider (1) whether the trial court's factual findings are supported by substantial evidence, (2) whether the trial court followed applicable legal principles, and (3) whether the trial court reasonably exercised its discretionary authority—that is, whether any judge reasonably could have made such an order. [Citations.]" (*In re Marriage of Hein*, at p. 529.)

### C. Trial Court Acted Within Its Discretion to Deny Alaoui's Modification Request and to Reinstate the 2022 Support Order

In contending that the trial court failed to provide a "guideline formula calculation or analysis" in October 2024, Alaoui does not claim that the original 2022 order itself failed to use the guideline formula. Instead, he argues that when the trial court reinstated the 2022 support order in October 2024, it was required to make a new guideline child support calculation based on the parties' circumstances in October 2024.[7] This argument presupposes that Alaoui met his burden of showing a basis for modification of the child support order in the first place. Only upon such a showing would the trial court have been obligated to recalculate child support under the guideline formula. (*In re Marriage of Stanton* (2010) 190 Cal.App.4th 547, 553 [" '[C]ourts will not revise a child support order unless there has been a "*material change of circumstances*." ' "].)

A party seeking a reduction of a child support order based on the changed circumstance of reduced income must show a lack of ability and opportunity to earn the

---

[7] Alaoui relies solely on legal authority regarding child support orders. He provides no citation, or even any argument, regarding temporary spousal support orders. As a consequence, any claim of error regarding the trial court's reinstatement of the temporary spousal support order here has been forfeited. (See *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."].)

9

prior income. (*In re Marriage of McHugh, supra*, 231 Cal.App.4th at p. 1249.) "The burden of proof as to ability and opportunity to earn imputed income (or lack thereof) plays out differently depending on the status quo going into the modification proceeding. For example, in the very ordinary situation where the payor parent loses his or her job and seeks a reduction in court-ordered support based on the changed circumstances of lack of income, it will be the payor parent, as moving party, who bears the burden of showing a *lack* of ability and opportunity to earn income. [Citations.]" (*In re Marriage of Bardzik* (2008) 165 Cal.App.4th 1291, 1304.)

In this case, the status quo before the modification proceedings was that Alaoui was the president and majority shareholder of Eyeris Technologies, Inc., as well as an alleged independent contractor of the company. His income from that situation was found by the trial court to be $22,226 per month. Accordingly, it was Alaoui's burden to establish that he no longer possessed the ability and opportunity to earn at that level. By denying his modification request, the trial court necessarily found, at least implicitly and perhaps also explicitly, that he failed to carry that burden. Absent any showing of a material change of circumstances, the court was not required to perform a new guideline calculation.

Alaoui now appears to be arguing on appeal that the real status quo before the October 3, 2024 hearing was the parties' stipulation on January 24, 2024 that "child and temporary spousal support payable by either party to the other [be] set at zero," effective July 1, 2023, based on the lack of employment. According to Alaoui, because reinstatement of the 2022 support order increased his child support obligation from $0 per month to $2,136 per month, the trial court was required, as a matter of law, to prepare a new guideline calculation.[8] This argument is unpersuasive. As noted above, without

---

[8] Again, we do not have any transcripts or minute orders from the January 24, 2024 and October 3, 2024 hearings, so we do not know if Alaoui raised this argument with the trial court before raising it on this appeal. (See *In re Marriage of Nassimi* (2016)

any showing that Alaoui lacked the ability and opportunity to earn the income previously attributed to him, the court had no obligation to adopt a baseline of zero income and thereafter perform a new guideline calculation. Moreover, the record indicates that the $0 support order was a nonfinal order based solely on the parties' stipulation and was subject to further proceedings. A trial court may "reserve[] jurisdiction to amend a *nonfinal* order based on the anticipated presentation of additional evidence." (*In re Marriage of Freitas* (2012) 209 Cal.App.4th 1059, 1075.) That is what occurred here: the trial court set support at $0 based on the parties' agreement in January 2024 but expressly reserved jurisdiction to modify the amount of support retroactive to July 1, 2023 pending further evidentiary proceedings, including an evaluation of Alaoui's "[e]mployment [s]earch" and compliance with the court's seek work order. The court continued the matter to April 10, 2024 for that very purpose. In addition, the court expressly noted: "This is a non-guideline order[;] therefore no change of circumstance need be shown to modify the [previous] order."

In view of the foregoing, there is no support in the record for Alaoui's contention that the January 24, 2024 hearing changed the status quo. The court acted within its authority in vacating the nonfinal $0 support order and reinstating the 2022 guideline support order, retroactive to July 1, 2023.

The case law upon which Alaoui relies, *Wilson v. Shea* (2001) 87 Cal.App.4th 887, is inapposite. In that case, after granting the mother's move-away request, the trial court had modified the father's child support obligation without calculating what the guideline amount would be under the new circumstances caused by the move-away order, and the Court of Appeal held that that was reversible error. (*Id.* at pp. 890, 892.) Here, by contrast, there was no modification of child support based on an undisputed change of

---

3 Cal.App.5th 667, 695 [reviewing courts generally do not consider arguments raised for the first time on appeal].)

11

circumstances. Rather, the trial court denied the requested modification after finding a failure to demonstrate a material change of circumstances, reinstating a prior order. Alaoui cannot show that this was an abuse of discretion.

**D.** **Substantial Evidence Supports the Trial Court's Denial of Alaoui's Modification Request**

Alaoui additionally argues that the trial court's factual findings were not supported by substantial evidence. First, he challenges the 2022 support order, contending that the order was based on an improper imputation of income to him without any factual basis and contrary to applicable law. The issue before us, however, is whether the trial court abused its discretion in denying his request to modify the 2022 support order based on changed circumstances—not whether the 2022 order was correct when originally entered. We lack jurisdiction to review the 2022 support order, as the time to appeal from that order has long since expired. (Rule 8.104(a)(1) [notice of appeal must be filed within 60 days after the order]; *Bourhis v. Lord* (2013) 56 Cal.4th 320, 324–325 [filing a timely notice of appeal is a jurisdictional requirement].)

Second, Alaoui challenges the trial court's finding that he failed to comply with the seek work order. He argues that the evidence presented at trial clearly demonstrated his compliance. This argument misconstrues the scope of appellate review.

" 'We do not review the evidence to see if there is substantial evidence to support the losing party's version of events, but only to see if substantial evidence exists to support the verdict in favor of the prevailing party.' [Citation.]" (*In re Marriage of Brooks* (2019) 33 Cal.App.5th 576, 592.) So long as substantial evidence exists, " 'it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion.' [Citation]." (*Ibid.*) Furthermore, "[w]e do not judge credibility on appeal" (*In re Marriage of Boswell* (2014) 225 Cal.App.4th 1172, 1175), and "we defer to the trier of fact on issues of credibility." (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968).

12

The seek work order here required Alaoui to commence job search efforts in December 2023: his work logs indicate that he did not actually start until April 2024. The seek work order required Alaoui to contact at least 10 employers per week "through in person [sic] applications": his work logs show that all applications were submitted online, and none were made in person. The seek work order required Alaoui to include a name and phone number of a contact person for each application: his work log included none. Based on this record, substantial evidence supports the trial court's finding that he failed to comply substantially with the seek work order.

Alaoui's reliance on *Swan v. Hatchett* (2023) 92 Cal.App.5th 1206 is misplaced. In *Swan*, the reviewing court held that the trial court abused its discretion by disregarding one parent's income evidence in its entirety, thereby leaving an inadequate basis for calculating child support and attorney's fees. (*Id.* at pp. 1216-1217.) In addition, the court determined that there were material inconsistencies between the trial court's rulings and its statement of decision. (*Id.* at pp. 1216, 1219-1220.) As noted above, Alaoui did not request a statement of decision, and so we "must presume the trial court made all factual findings necessary to support the judgment for which there is substantial evidence.' [Citations.]" (*In re Marriage of McHugh*, *supra*, 231 Cal.App.4th at p. 1248.) Moreover, the record we do have does not disclose any inconsistency between the court's credibility determinations and its ruling denying modification.

Accordingly, the trial court's orders are supported by substantial evidence, and we find no abuse of discretion in its denial of Alaoui's request to modify his child and spousal support obligations.

### III. DISPOSITION

The order filed on October 7, 2024 and amended on November 1, 2024, is affirmed. Given the absence of any respondent's brief, in the interests of justice, each party shall bear their own costs on appeal. (Rule 8.278(a)(5).)

13

_____
                     CHUNG, J.*

WE CONCUR:

_____
GREENWOOD, P. J.

_____
GROVER, J.

*Alaoui v. Ismaili*
H052801

_____

\* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.